■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CABAN, Appellant.—Appeals by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered June 4, 1984, convicting him of manslaughter in the first degree and criminally negligent homicide, upon a jury verdict, and imposing sentence. The appeal brings up review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made to police officers.

Judgment affirmed.

During the early morning hours of October 23, 1982, the defendant was walking on Hendrix Street in Brooklyn with his brothers Gilbert and Philip Caban and his cousin Joaquin Lopez when they encountered James Jones and Sidney Fair. An argument between Fair and Gilbert Caban soon escalated into a knife fight involving all six men. Fair and Jones died of knife wounds suffered in the fight. Gilbert Caban and the defendant were ultimately indicted in connection with this incident. Joaquin Lopez, who testified before the Grand Jury while represented by the same attorney who later represented the defendant at trial, was not indicted.

The defendant contends on appeal that he was denied the effective assistance of counsel because of a conflict of interest caused by his attorney's prior representation of Lopez and that he is therefore entitled to reversal of his conviction. We disagree. While the prior representation did create the possibility of a conflict of interest, the defendant has not demonstrated that the conduct of his defense was in fact affected by the potential conflict (see, People v Alicea, 61 NY2d 23). The defendant's attorney stated during the trial that there were reasons other than the conflict which resulted in his decision not to call Lopez as a witness at the trial. In any event, the defendant made an effective waiver of the potential conflict after a detailed inquiry by the trial court to insure that he perceived the potential risks resulting from the conflict (see, People v Lloyd, 51 NY2d 107).

The defendant's argument with respect to the trial court's failure to instruct the jury that his use of deadly force in defense of Gilbert Caban would be justified even if Gilbert had been the initial aggressor is without merit (see, Penal Law § 35.15 [2] [a]; 1 CJI [NY] 35.00 pp 848-849). His remaining

arguments with respect to the justification charge were not preserved for review and, in any event, do not require reversal *(see,* CPL 470.05 [2]; *People v Contes,* 60 NY2d 620; *People v Smith,* 87 AD2d 640).

Finally, that branch of the defendant's omnibus motion which was to suppress statements made to the police was properly denied *(see, People v Anderson,* 42 NY2d 35; *People v Prochilo,* 41 NY2d 759). There was sufficient evidence adduced at the trial to sustain the defendant's conviction of criminally negligent homicide beyond a reasonable doubt *(see,* Penal Law §§ 125.10, 15.05 [4]; § 20.00), and the alleged misconduct of the prosecutor did not deny the defendant a fair trial *(see, People v Galloway,* 54 NY2d 396; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur. *[See,* 123 Misc 2d 943.]