■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD JACKSON, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of rape in the third degree, defendant contends that the trial court abused its discretion by refusing to grant an adjournment on the date the trial was scheduled to begin. Defendant's claim has not been preserved for our review. On May 29, 1986 the court granted defendant's motion to suppress his oral and written statements and announced that the case would go to trial on June 16th. Defense counsel stated that he was leaving on vacation and specifically asked the court to change the trial date to June 17th. That request was granted. The trial began on June 17th and there is

nothing in the record to support the claim that the court denied a request for adjournment. On July 24, 1986, the date set for sentencing, defense counsel apparently sought to establish by affidavit on a motion pursuant to CPL 330.30 (1) that a request for a trial adjournment had been made and denied in Chambers. The court properly denied the motion. The motion papers do not provide a basis to set aside the verdict as they do not present a "ground appearing in the record which, if raised upon an appeal * * * would require a reversal or modification" (CPL 330.30 [1]). We have considered the other arguments raised on appeal and find them lacking in merit. (Appeal from judgment of Supreme Court, Monroe County, Cornelius, J.—rape, first degree; rape, third degree.) Present— Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.