*901 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and the case remitted to that court for a determination of the facts (see, CPL 470.40 [2]) and consideration of issues not reached on the appeal to that court.
Defendant’s claim that the People failed to produce certain Rosario material, pertinent to the videotaped testimony of a witness thereafter deported, is not preserved for our review. When defense counsel brought the People’s omission to the attention of the Wade hearing Judge, he told her that his jurisdiction extended only to the Wade hearing, that the appropriate objection would have to be made before the trial court, and that he would allow her to return forthwith to the Trial Judge to do so. While acknowledging the court’s limited role, defense counsel responded that she wanted only to record when she received the material. Thereafter, at a CPL 670.20 hearing and at trial, defense counsel made several motions— some of them relating directly to the videotaped testimony— but she did not at any time raise the Rosario issue. Thus, neither the trial court nor the hearing court was ever asked or given the opportunity to determine whether the material had previously been delivered, or what the appropriate remedy should be if it had not.
Defendant’s failure to object at a time when any Rosario violation could have been redressed — as, for example, by excluding the videotaped testimony — constituted a failure to preserve the issue for appellate review.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.