■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL LUGO, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (G. Aronin, J.), rendered November 20, 1985, convicting him of robbery in the

first degree and assault in the second degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, dated October 2, 1989, which denied the defendant's *pro se* motion, pursuant to CPL 440.10, to vacate the judgment. The appeal from the judgment brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain physical evidence and statements made by him to the police.

Ordered that the order is reversed, on the law, the judgment is vacated, and a new trial is ordered; and it is further,

Ordered that the appeal from the judgment is dismissed as academic.

It is fundamental that the prosecution must provide to the defense "[a]ny written or recorded statement * * * made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness's testimony" (CPL 240.45 [1] [a]; *see also, People v Jones,* 70 NY2d 547). A new trial is necessary whenever the "prosecution inadvertently neglect[s] to turn over statements in their possession or within their power to produce" *(People v Haupt,* 71 NY2d 929, 930).

In this case, two parole revocation hearings at which the arresting officer testified were held prior to trial. Defense counsel received the minutes of the first hearing and, in fact, used them to cross-examine the arresting officer at trial. However, defense counsel did not receive any portion of the minutes of the second hearing until the prosecutor referred to them in his cross-examination of the defendant. At that point, defense counsel requested and subsequently received the defendant's testimony at the second hearing, but did not receive the arresting officer's testimony. Because the officer's testimony at the second hearing is not the duplicative equivalent of his testimony at the first hearing, a new trial is necessary *(see, People v Ranghelle,* 69 NY2d 56, 63; *People v Consolazio,* 40 NY2d 446, *cert denied* 433 US 914).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Bracken and Copertino, JJ., concur.