Simons, J.
(dissenting). I would reverse. The People failed to *845 deliver Rosario material to defense counsel before the evidence was closed and, therefore, under settled rules there must be a new trial (see, People v Jones, 70 NY2d 547; People v Ranghelle, 69 NY2d 56; People v Perez, 65 NY2d 154). Nevertheless, the majority has affirmed, holding unpreserved an objection which defendant had no obligation to preserve. Its decision substantially alters the statutory scheme codifying the Rosario rule, and the decisions of this Court implementing it, without explaining the nature of the changes nor the reasons why they are necessary. Its affirmance under these circumstances can only confuse Judges and practitioners alike.
CPL 240.45 requires the prosecution to make Rosario material available to the defendant. The duty to produce is absolute; the defendant is not required to request it or object during trial if it is not produced. Indeed, we have held that the People’s obligation cannot be avoided even by good faith but unsuccessful efforts to discover and locate covered material (People v Jones, supra, at 553; People v Ranghelle, supra, at 64; see generally, People v Jackson, 78 NY2d 638). Because the entire burden rests on the prosecution, defendant is not required to take any action to preserve his objection to nondisclosure.
Distinguishable are recent cases, cited by the People, in which we required preservation because the failure to produce occurred during pretrial proceedings and the error could easily have been remedied, if brought to the Court’s attention, by a new hearing or other sanction without affecting defendant’s rights at trial (see, People v Jackson, 78 NY2d 900; People v Rivera, 78 NY2d 901). Where the failure to produce occurs during a trial, however, neither the statute nor our cases require a defendant to take affirmative steps to request the material or to note its nonproduction. The mere fact that defendant’s counsel did both in this case should not prejudice his rights.
The incongruity of the majority’s ruling is obvious: the client of an attorney who requests covered material is penalized unless he takes affirmative steps to clearly preserve the Rosario objection but the client of an attorney who says nothing is fully protected and automatically entitled to a new trial.
Chief Judge Wachtler and Judges Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Simons dissents and votes to reverse in an opinion in which Judge Alexander concurs.
*846 Order affirmed in a memorandum.