■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMON WRIGHT, Appellant. [602 NYS2d 378] —Judgment, Supreme Court, New York County (Richard C. Failla, J.), rendered October 15, 1991, which convicted defendant, after jury trial, of criminal possession of a controlled substance in the third degree, and sentenced him to an indefinite term of imprisonment of from 4½ to 9 years, unanimously reversed, on the law, and the matter remanded to Supreme Court for a new trial.

Defendant was arrested by New York City Housing Authority police officers on October 12, 1990 for the sale and possession of cocaine. As the officers sat in an unmarked van parked on 121st Street and Second Avenue in Manhattan, they observed a man, later identified as Irving Cruz, approach and speak with defendant. They saw defendant reach into his pants pocket and hand Cruz a vial with a lavender cap in exchange for an assortment of currency. The officers left the van, identified themselves, and arrested Cruz and defendant. One officer recovered one vial with a lavender cap containing a white powder from defendant's pants pocket together with

25 one-dollar bills. The officers also recovered a single vial with a lavender cap, similarly containing a white powder, from Cruz.

Defendant was convicted of criminal possession of a controlled substance in the third degree but acquitted of the charge of criminal sale of a controlled substance in the third degree. He moved to set aside the verdict pursuant to CPL 330.30 (1) on the ground that the People failed to turn over *Rosario (People v Rosario,* 9 NY2d 286) material, specifically a Housing Authority Police Complaint Report.

The prosecutor maintained that he did not provide the Housing Authority Police Complaint Report to the defense because he was unaware of its existence. Instead, the People furnished a copy of the New York City Police Department Complaint Report to the defense which, the prosecution argued, was the duplicative equivalent of the Housing Authority Police Complaint Report *(People v Ranghelle,* 69 NY2d 56, 63; *People v Consolazio,* 40 NY2d 446, 454). Supreme Court agreed and denied defendant's motion to set aside the verdict.

We note, however, that the Housing Authority complaint form includes several lines at its end which do not appear in the Police Department complaint form. Some of the additional entries contain information which is not otherwise stated in the body of the complaint form, such as the housing project where the crime occurred, the occupation of the arrestee and his connection to the Housing Authority premises.

In adding to the form, the Housing Authority has customized an official complaint form (referred to as form UF-61), materially impairing the effectiveness of what was apparently intended to be a uniform form *(see, People v Boyd,* 189 AD2d 433, 439). While the additional information contained in the Housing Authority Police Complaint Report is characterized by the People as "administrative" in nature, the use which might be made of *Rosario* material by defense counsel is not an appropriate consideration for the Court *(People v Young,* 79 NY2d 365, 371, citing *People v Perez,* 65 NY2d 154), and a per se violation of the rule set forth in *People v Rosario (supra)* is established *(People v Martinez,* 71 NY2d 937, 940).

In view of this disposition, it is unnecessary to reach defendant's remaining contention. Concur—Rosenberger, J. P., Wallach, Asch and Rubin, JJ.