■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ESTEBAN TAMAYO, Respondent. [635 NYS2d 619] —Order, Supreme Court, New York County (Dorothy Cropper, J.), entered June 9, 1994, which set aside a jury verdict finding defendant guilty of two counts of criminal sale of a controlled substance in the fifth degree, unanimously reversed, on the law, the verdict is reinstated, and defendant is directed to surrender for sentencing.

Defendant was arrested after selling valium on the street to an undercover police officer and to another customer. The People inadvertently failed to produce the undercover officer's "buy report" as evidence at trial. Rather than request this material during trial, defendant's counsel waited until the verdict was in, and then moved to set it aside, pursuant to CPL 330.30. The People, conceding the *Rosario* violation (*People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866), opposed the motion on the ground that defendant's counsel had waived the claim by failing to call it to the court's attention at the time. As evidence that counsel's silence during trial was a tactical decision, the People introduced an affidavit by the court stenographer indicating that counsel had asked her to mark the page immediately after the undercover officer's testimony, and then, following the jury's guilty verdict, asked for a transcription of that page which he used in support of his set-aside motion.

The verdict was set aside on both counts, even though the apparent *Rosario* violation affected only the count involving the undercover transaction. The Trial Judge was unmoved by evidence of counsel's so-called concealment strategy.

The People are required by statute to make *Rosario* material available to the defendant (CPL 240.45 [1]), and good-faith inadvertence is no excuse for failure to do so (*People v Ranghelle*, 69 NY2d 56). The purpose of the rule is to protect counsel who would ordinarily have no knowledge of the material and no other means of obtaining it (*see, People v Jones*, 70 NY2d 547, 550, 552). Once the existence of *Rosario* material is disclosed in open court, it behooves counsel to seek sanction for belated disclosure or nonproduction, or else the claim for violation is deemed abandoned (*People v Graves*, 85 NY2d 1024). Although a defendant is under no obligation to request such material, the issue would be unpreserved for appellate review* where a defendant, *aware of the People's production oversight*, "fail[s] to object at a time when any *Rosario* violation could have been redressed" (*People v Jackson*, 78 NY2d 900, 901).

Our courts should not countenance gamesmanship and sandbagging by rewarding a defendant who becomes aware of a *Rosario* violation during trial, but studiously avoids raising the appropriate objection in pursuit of a tactical advantage. Defendant abandoned the issue, as a matter of law, at a time when the oversight could easily have been rectified. Accordingly, his motion to set aside the verdict on this ground must be denied. Concur—Murphy, P. J., Rosenberger, Wallach, Asch and Tom, JJ.

---

* The power of a Trial Judge to set aside a guilty verdict under CPL 330.30 is far more limited than that of an intermediate appellate court (*People v Carter*, 63 NY2d 530, 536).