■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AL BLAKE, Defendant-Appellant. [648 NYS2d 910] —Order, Supreme Court, New York County (Budd Goodman, J.), entered July 18, 1995, which denied defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

Defendant's purported *Rosario* claim regarding the People's failure to serve defense counsel with a case summary containing his parole officer's interview with the complainant could, with due diligence, have been placed on the record, and is thus not the proper subject of a motion to vacate judgment (CPL 440.10 [3] [a]). Since defendant was personally served with a copy of the case summary, and other documents in defense counsel's possession indicated that defendant was on parole, it was incumbent upon defendant "to seek sanction for belated disclosure or nonproduction, or else the claim for violation is deemed abandoned" (*People v Tamayo,* 222 AD2d 321, 322 *lv*

*denied* 88 NY2d 886). In any event, the Court of Appeals has recently held that records of the State Division of Parole do not constitute *Rosario* material (*see, People v Kelly*, 88 NY2d 248). Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Tom, JJ.