■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FAI CHEUNG and JHONG ZHENG, Respondents. [667 NYS2d 929] —Appeal by the People from two orders (one as to each defendant) of the Supreme Court, Queens County (Demakos, J.), both dated November 4, 1996, which granted the defendants' separate motions to set aside the jury verdicts convicting them of robbery in the second degree (two counts as to each defendant), and ordered a new trial as to each defendant.

Ordered that the orders are reversed, on the law, the motions to set aside the jury verdicts are denied, the jury verdicts are reinstated, and the matter is remitted to the Supreme Court, Queens County, for sentencing of the defendant Fai Cheung and resentencing of the defendant Jhong Zheng.

A trial court's authority to set aside a verdict is limited to grounds which, if raised on appeal, would require reversal or modification of the judgment as a matter of law by an appellate court (*see,* CPL 330.30 [1]; *People v Ventura,* 66 NY2d 693, 694-695; *People v Carter,* 63 NY2d 530, 536-537). Accordingly, only an error of law which is properly preserved for appellate review may serve as a basis for a trial court's setting aside the verdict (*see, People v Albert,* 85 NY2d 851, 853; *People v Josey,* 204 AD2d 571; *People v Sadowski,* 173 AD2d 873, 874). Here, the defendants failed to preserve for appellate review any claims concerning the prosecutor's alleged misconduct during summation or any improper "gesturing" on her part. The defendants either failed to object, request curative instructions, or seek additional relief after the court provided curative instructions (*see,* CPL 470.05 [2]; *People v Tardbania,* 72 NY2d 852, 853; *People v Medina,* 53 NY2d 951, 952). Thus, the trial court was not authorized to consider the prosecutor's alleged misconduct when determining the motion.

The defendants' remaining contentions are not properly before the Court at this time (*see,* CPL 470.15 [1]; *People v Armstrong,* 237 AD2d 452). Joy, J. P., Krausman, Florio and McGinity, JJ., concur.