OPINION OF THE COURT
Robert S. Kreindler, J.
*805 This case involves what the Practice Commentaries (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 440.10, 1998 Pocket Part, at 86) describe as “an open question as to whether the per se rule will apply where the Rosario material comes to light * * * after the jury retires but before sentence is imposed.” This case also involves the issue of the appropriate CPL section for bringing a motion to set aside a guilty verdict based upon the discovery of Rosario material after a guilty verdict but before sentencing. This issue has been described as having “no direct Court of Appeals authority” (ibid.). The Practice Commentaries (ibid.) indicate that this issue is the subject of a footnote by dissenting Judge Titone in People v Flores (84 NY2d 184, 190, n 1), which footnote has been undermined by subsequent case law. The Kevin Thompson motion involves the issue of whether or not Rosario is violated when defendant has the material, but his attorney is unaware of defendant’s possession, and the People fail to turn over such material which is in their possession.
Defendants move to set aside the guilty verdict on the ground that their rights under People v Rosario (9 NY2d 286) were violated. Defendants’ moving papers cite CPL 330.30 as authority for the making of the motion. They did not specify the particular subdivision of CPL 330.30 under which this motion is made. However, during oral argument both defendants specified that they were proceeding under subdivision (1).
In determining this motion, the court has considered both defendants’ moving papers, the People’s affirmation in opposition, defendant Kevin Thompson’s memorandum of law dated May 19, 1998, the court’s recollection of the trial, as well as certain portions of the trial minutes.
Findings of Fact
On October 19, 1996, at approximately 5:45 p.m., at 307 Ditmas Avenue, Brooklyn, New York, a jewelry store was robbed. On April 7, 1997, both defendants were arraigned on this indictment for various theft-related crimes. On August 7, 1997, a parole revocation hearing was conducted as to Kevin Thompson. Kevin Thompson was present at such hearing and was represented by an attorney, who was not his trial attorney. At the parole revocation hearing, two witnesses, the husband and wife proprietors who ultimately testified at trial, were called as witnesses. Sometime after the hearing, but before trial, Kevin Thompson’s parole attorney gave him a copy of the two witnesses’ testimony.
*806 Defendant Peter Thompson was unaware of these proceedings.
Prior to trial, the District Attorney ordered and received a transcript of the witnesses’ testimony. The attorney for Kevin Thompson was aware that defendant Kevin Thompson was on parole, but claims to have been unaware that any parole hearing had been conducted.*
Defendants were tried for the jewelry store robbery and were each convicted on April 23, 1998, of three counts of first degree robbery. On April 27, 1998 it is alleged that defense counsel for Kevin Thompson had a conversation with an Assistant District Attorney during which he learned that the People were in possession of a transcript of the parole revocation hearing, and that two trial witnesses had testified at the parole hearing.
On May 6, 1998, it is alleged that defendant Peter Thompson’s attorney learned of the prosecution’s possession of the transcript of the two witnesses’ testimony. On that date, both defendants were scheduled to be sentenced, but each made an oral motion to set aside the guilty verdict because of an alleged Rosario violation. The court directed that the motion be in writing. The People in opposition claimed that they believed the material had in fact been turned over to defendants. The court ordered a hearing on this issue.
On June 2, 1998, the hearing was scheduled. At that time, the court informed the parties that it deemed a CPL 330.30 motion an inappropriate vehicle for this alleged violation, but offered the parties the opportunity to conduct a hearing pursuant to CPL 440.10. Both defendants refused to proceed. The court then denied the CPL 330.30 motion and sentenced the defendants. After sentencing, the court again offered to conduct a hearing to enable the defendants to establish all necessary facts. Counsel again refused to proceed. This decision explains the court’s actions.
Setting Aside a Verdict
The power of a court to set aside a verdict is “created and measured by statute” (People v Schmidt, 216 NY 324, 328; see also, People v Jackson, 78 NY2d 638, 647). A lower court has no inherent power to set aside a guilty verdict (People v Carter, 63 NY2d 530, 537-538; People ex rel. Jerome v Court of Gen. *807 Sessions, 185 NY 504, 506-507), but is limited to those grounds enumerated by statute and their statutory criteria (People v Jackson, supra, 78 NY2d, at 647; People v Schmidt, 216 NY 328, supra; see also, People v Salemi, 309 NY 208, 215). Thus, on a CPL 330.30 motion, the court is limited to the grounds and criteria enumerated in CPL 330.30 (People v Carthrens, 171 AD2d 387, 391; 5 Zett, New York Criminal Practice § 34.5 [1] [b], at 34-61 — 34-62).
CPL 330.30 (1)
CPL 330.30 (1) authorizes trial courts to set aside a guilty verdict if the ground raised in the motion would mandate as a matter of law that an appellate court reverse or modify the guilty verdict (People v Ventura, 66 NY2d 693, 694; People v Fai Cheung, 247 AD2d 405 [2d Dept 1998]). The facts relating to the particular ground must appear on the “record” (People v Bagarozy, 182 AD2d 565, 566). Matters outside the “record” are not properly raised on a CPL 330.30 (1) motion (People v Boyd, 244 AD2d 497, 498; People v Grossfeld, 216 AD2d 319, 320-321; People v Hernandez, 210 AD2d 535, 536; People v Knox, 134 AD2d 704). If trial facts must be supplemented by an affidavit, then a CPL 330.30 (1) motion is inappropriate (People v Jackson, 152 AD2d 977, 978). If a hearing must be conducted, a CPL 330.30 (1) motion is unauthorized (People v Frias, 250 AD2d 495; 5 Zett, New York Criminal Practice § 34.5 [2] [b], at 34-64 — 34-65). In addition, a trial court cannot set aside a guilty verdict based upon CPL 330.30 (1) if the decision to reverse or modify a judgment entails the exercise of appellate discretion (see, People v Carter, supra, 63 NY2d, at 536).
Further, CPL 330.40 is relevant to this discussion. CPL 330.40 sets forth the procedures to be used when making a motion pursuant to CPL 330.30. There are two subdivisions to CPL 330.40. Subdivision (1) relates to a motion made pursuant to CPL 330.30 (1), and has no provision authorizing any type of hearing. In contrast, subdivision (2) of CPL 330.40 authorizes a hearing to be held for claims made pursuant to subdivisions (2) and (3) of CPL 330.30. It is clear from the juxtaposition of these two sections that the Legislature did not authorize hearings for CPL 330.30 (1).
The observations of dissenting Judge Titone in People v Jackson (supra, 78 NY2d, at 657) are relevant. In that case, Judge Titone observed that postconviction Rosario claims *808 require the “Appellate Division to ‘expand’ the record”. He also observed that the expansion of the record entails a “discretionary order” by the Appellate Division (supra, at 657). Thus, postconviction Rosario claims entail appellate discretion.
In this case, the trial record had to be supplemented by evidence that the witnesses testified at a parole hearing, the content of that testimony, and the attorneys’ affidavits stating that they had not possessed the transcripts. This was necessary in order to determine if a Rosario violation occurred. This is inappropriate for a CPL 330.30 (1) motion (People v Jackson, supra, 152 AD2d, at 978). Further, the court was required to order a hearing on the disputed facts. This is also inappropriate for a CPL 330.30 (1) motion (see prior discussion). As observed by Judge Titone, the record had to be “expanded” and this entails appellate discretion. Thus, the matter is not one of law, but one of discretion. As previously discussed, a trial court is not authorized to entertain a CPL 330.30 (1) motion if appellate discretion is involved.
For all these reasons, the court held that a CPL 330.30 (1) motion is unauthorized under these circumstances.
The cases cited by defendant Kevin Thompson in the memorandum of law dated May 19, 1998 (People v Kanefsky, 50 NY2d 162; People v Lopez, 196 AD2d 664, revd on other grounds 83 NY2d 994; People v Wright, 197 AD2d 398) do not constitute binding precedent for the use of CPL 330.30 (1) on this type of motion. In each case, a CPL 330.30 (1) motion was made and entertained by the courts under similar circumstances. However, none of these courts discussed the propriety of such a motion. The court has examined the record on appeal of these cases and none of the parties briefed or argued the validity of using CPL 330.30 (1).
A case is precedent only for those issues which the appellate courts have been requested to address and is not stare decisis for issues neither briefed nor argued (People v Machado, 90 NY2d 187, 193; People v Jackson, supra, 78 NY2d, at 641).
Other CPL 330.30 Subdivisions
There exist two other subdivisions of CPL 330.30. Subdivision (2) authorizes a court to set aside a guilty verdict upon an allegation of juror misconduct. There is no such allegation in this case.
Subdivision (3) of CPL 330.30 authorizes a court to vacate a conviction on the ground of “newly discovered evidence”. The Court of Appeals has held that Rosario claims should not be *809 entertained under “newly discovered evidence” rules (People v Jackson, supra, 78 NY2d, at 645-646). This is true because Rosario issues relate to impeachment of a witness and this would violate one of the criteria of “newly discovered evidence” (supra, at 645).
There exists no provision in CPL 330.30 under which this motion may be made.
The motion made pursuant to CPL 330.30 is denied.
CPL 440,10
Ordinarily, CPL 330.30 may be used for matters occurring after conviction but before sentencing, and CPL 440.10 is available for nonrecord matters discovered after sentencing (People v Willard, 226 AD2d 1014, 1019). In this case, CPL 330.30 is unavailable. A motion pursuant to CPL 440.10 would appear to be premature. If the statutory procedures were followed, defendants would be remediless or would have to await sentencing. If the claim were to have merit, the court would have to sentence the defendants and immediately vacate the judgment. The Legislature has created a vacuum for off-the-record claims not covered by CPL 330.30 and discovered between conviction and sentencing.
Judiciary Law § 2-b (3) authorizes a court to devise new process necessary to carry out its function (People v Ricardo B., 73 NY2d 228, 232-233; People v Wallace, 153 AD2d 59, 64). Where fairness and judicial economy require, the court can exercise its constitutional power and create a procedure to entertain proper legal claims (supra). The right to have a valid Rosario claim heard is a proper situation for the court to exercise its powers.
This court, exercising its powers under the Judiciary Law, authorized the making of this premature motion under CPL 440.10 and ordered a hearing. Nonetheless, both defendants declined the court’s offer and refused to proceed on the hearing.

Rosario

CPL 240.45 (1) (a) and People v Rosario (9 NY2d 286, supra) require that the prosecution make “available” any written or recorded statement in its possession or control relating to the direct testimony of a People’s witness. A document is deemed “available” if defendant can “examine” or “inspect” the document (supra, at 289) or if the government has enabled the defendant to obtain the document (People v Astado, 173 AD2d *810 834, 835; People v Frank, 107 AD2d 1057; see, People v Caban, 123 Misc 2d 943, affd 123 AD2d 356, affd 70 NY2d 695).
Ordinarily, transcripts of proceedings conducted in nonprosecution State agencies are not Rosario material (People v Kelly, 88 NY2d 248; People v Howard, 87 NY2d 940; People v Flynn, 79 NY2d 879). The reason for this rule is that transcripts of other State agency proceedings are not deemed to be in the possession and control of the prosecution (supra). The “principal consideration” of the Rosario rule is actual or subjective possession of the material in “the particular prosecution office” prosecuting a defendant (People v Kelly, supra, 88 NY2d, at 252).
A defendant’s actions or inaction may constitute a waiver of any Rosario claim (People v Jackson, 78 NY2d 900, supra; People v Rivera, 78 NY2d 901; see also, People v Rogelio, 79 NY2d 843, 844). A defendant cannot, by withholding Rosario claims for a period of time, later advance them in order to gain an advantage (People v Tamayo, 222 AD2d 321).
In this case, the People were not required to obtain a copy of the testimony at the parole revocation hearing (People v Thomas, 147 AD2d 725, affd 75 NY2d 888). In People v Kelly (88 NY2d 248, supra), the Court held that parole records are not Rosario material. The rationale of the case was that these records are not in the actual control of the prosecution.
A court is obligated to follow a rule enunciated in a higher court decision only as long as the purpose and reason for the rule also apply (People v Havelka, 45 NY2d 636, 642). In this case, the prosecution was in actual possession of the transcript, thus the rationale of the Kelly rule does not apply.
This court finds that the transcript of the two witnesses’ testimony was Rosario material.
Kevin Thompson
Defendant Kevin Thompson was physically present during the witnesses’ testimony and had a copy of the transcript at trial. It is alleged that his attorney was unaware that his client had a copy of the testimony or that a parole revocation hearing was conducted, although this was never proven at a hearing.
In People v Zanotti (30 NY2d 926, 927) the Court said:
“During the trial defendant’s retained counsel asked the District Attorney to make available to him, as an aid to cross-examination, a copy of the minutes of an earlier trial which the *811 prosecutor had in the courtroom. This was refused and the Trial Judge declined to make a direction that the minutes be made available, on the ground no indigency had been shown and the minutes could have been otherwise obtained by defendant.
“Ordinary professional courtesy would have suggested the minutes be made available for this purpose. But it was not an error of law for the court to refuse to make that direction. This issue is not governed by People v. Rosario (9 N Y 2d 286) which required the disclosure by the People of statements by witnesses which were not otherwise available to defendant. This defendant was present at the prior trial, knew what the testimony was, and as far as the record shows could have purchased the minutes.”
The Court held that where a defendant is present and hears the prior testimony, a transcript of that testimony, even if in the possession of the People, is not “governed by People v. Rosario”. (Supra, at 927.) Similarly, the Court of Appeals has ruled that where defendant hears the prior testimony, there is no right to an adjournment to obtain the minutes of such testimony for use in cross-examination (Matter of Eric W., 68 NY2d 633).
In contrast is the case of People v Lugo (176 AD2d 823). The court has examined the record on appeal to ascertain the facts of that case. In Lugo the prosecution was in actual possession of the testimony of a People’s witness given at a parole revocation hearing. The People failed to turn over to the defense a copy of the transcript. After judgment defendant made a CPL 440.10 motion to vacate the judgment on the ground that the failure to turn over the transcript was a violation of the Rosario rule. The lower court denied the motion. On appeal the prosecution claimed that since defendant was present at the parole hearing and did not bring the possible Rosario violation to the court’s attention, the defendant waived his rights. The Appellate Division, Second Department, reversed defendant’s conviction on the ground that the Rosario violation constituted per se error. Neither side quoted or discussed the Zanotti case (30 NY2d 926, supra). As previously stated, a case is not precedent for an issue not briefed.
This court is bound by Zanotti (supra) and not Lugo (supra) to the degree they are inconsistent.
In addition, both CPL 240.45 and Rosario (supra) require that the statements be made “available”. If defendant actually has the minutes, they are “available” to him.
*812 Further, the relationship between client and attorney has been described as principal-agent (People v Cassas, 84 NY2d 718, 724; People v Aiken, 45 NY2d 394, 401). The defendant is the principal, and the attorney is the agent (supra). Thus, the principal defendant is responsible for his or her actions, even if the agent is unaware. The principal cannot or should not gain from his or her neglect (see, People v Tamayo, 222 AD2d 321, supra). Any claim that the attorney did not possess the material is irrelevant.
The motion by defendant Kevin Thompson should be denied on this basis also.
Peter Thompson
Peter Thompson was not present for the parole violation hearing and it is alleged that he did not know of the existence of a transcript of any witnesses’ testimony until after conviction but before sentencing. As to him, if the factual allegations had been proven, there would have been a violation of the Rosario rule. The issue then would have been what is the court’s standard on a motion to vacate the conviction made after conviction but before sentencing.
Where a Rosario claim is made on direct appeal, the courts apply a per se reversal rule to any failure to make mandated material “available” (People v Jones, 70 NY2d 547). In People v Jackson (78 NY2d 638, supra), the Court held that where the Rosario violation is raised after all appeals have been completed, the per se reversal rule does not apply and defendant must show a “reasonable possibility that the failure to disclose the Rosario material contributed to the verdict” (supra, at 649). A major concern of the Jackson Court was the People’s interest in the finality of judgments which needs to be protected.
In People v Machado (90 NY2d 187, supra), a Rosario violation was discovered after sentencing, but before defendant’s direct appeal was heard. The Court acknowledged that the finality considerations of Jackson (supra) were different in Machado because the appeal had not been completed (supra, at 193). Nonetheless, the Court refused to apply the per se reversal rule. The Court said (supra, at 192): “As in Jackson, analysis centers on the relevant statute, and the requirement of prejudice in CPL 440.10 (1) (f). Courts, of course, cannot broaden the scope of the remedy afforded by CPL 440.10 beyond what the Legislature unambiguously specified (78 NY2d at 641, 647-648, supra; McKinney’s Cons Laws of NY, Book 1, *813 Statutes § 73, at 149-150). To adopt defendant’s argument, moreover, would give the word ‘prejudicial’ in CPL 440.10 (1) (f) one meaning in a preappeal context and another in a post-appeal context. Thus, ‘fulfilling our duty as common-law Judges to interpret statutory language’ (78 NY2d at 647, supra), we conclude that the unambiguous terms of CPL 440.10 (1) (f) require that a defendant making a CPL 440.10 motion — preappeal or postappeal — seeking to vacate a judgment of conviction on Rosario grounds demonstrate prejudice resulting from the violation.”
The same CPL 440.10 subdivision as was applicable in both Jackson and Machado (supra) is applicable in this case. It would be incongruous for this court to interpret the word “prejudice” differently from the Court of Appeals.
The court finds that the “reasonable possibility that the failure to disclose the Rosario material contributed to the verdict” standard applies to the instant matter.
Since defendant did not seek to establish any prejudice at a hearing, the motion is deficient.
In addition, a review of the trial and the inconsistencies between the witnesses’ testimony at trial and at the parole revocation hearing leads to the conclusion that there is no reasonable possibility that the failure to turn over the material affected the verdict. Most of the inconsistencies relate to which defendant committed what act. The evidence of “acting in concert” was overwhelming. The inconsistencies make little or no difference. Also, similar inconsistencies were explored at trial. Since there is no legal difference between principal actors and persons “acting in concert” (People v Whatley, 69 NY2d 784; People v Duncan, 46 NY2d 74), the Rosario violation did not affect the verdict.
On a postconviction motion, a defendant must show that the prosecution failed to make the alleged Rosario material “available” (People v Pickett, 235 AD2d 295; People v Pujols, 194 AD2d 505; People v Bacchi, 186 AD2d 663, 664-665). Since defendant has refused the opportunity to establish the facts, the motion would have to be denied on this basis.
For all the foregoing, the motion to set aside the guilty verdict or judgment would have also been denied.

 The court uses the term “claims” or “alleges” because while the court offered the parties the opportunity to establish the facts via a hearing, the defendants refused the opportunity.