THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK Z. SWEET, Appellant. [816 NYS2d 660]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered January 9, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts), robbery in the first degree and robbery in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of robbery in the first degree (Penal Law § 160.15 [3]) and two counts each of burglary in the first degree (§ 140.30 [2], [3]) and robbery in the second degree (§ 160.10 [2] [a], [b]). County Court properly denied defendant's motion to set aside the verdict pursuant to CPL 330.30. The majority of the grounds for the motion were improperly based upon matters outside the trial record (*see People v Spirles*, 294 AD2d 810, 811 [2002], *lv denied* 98 NY2d 713, 99 NY2d 540 [2002]; *see also People v Ortiz*, 250 AD2d 372, 375 [1998], *lv denied* 92 NY2d 881 [1998]). For the same reason, those grounds may not be raised on direct appeal, but are properly raised in a motion pursuant to CPL 440.10 (*see People v Williams*, 305 AD2d 804, 808 [2003]; *People v Darnell*, 146 AD2d 583, 584 [1989], *lv denied* 73 NY2d 976 [1989]).

We reject the contention of defendant that the court erred in excluding hearsay testimony that certain witnesses were unable to identify him in a photo array (*see People v Lopez*, 291 AD2d 279 [2002], *lv denied* 98 NY2d 677 [2002]; *People v Benjamin*, 272 AD2d 276, 277 [2000], *lv denied* 95 NY2d 904 [2000]). Contrary to the further contention of defendant, his right to be

present during a material stage of the trial was not violated by his absence from a conference conducted in chambers to address defense counsel's concerns with respect to anticipated perjured testimony (*see People v Andrades*, 4 NY3d 355, 362 [2005]; *People v DePallo*, 96 NY2d 437, 443 [2001]). Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct (*see* CPL 470.05 [2]; *People v Smith*, 24 AD3d 1286, 1287 [2005], *lv denied* 6 NY3d 838 [2006]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The sentence is not unduly harsh or severe. We have examined defendant's remaining contentions and conclude that none requires reversal. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Green and Hayes, JJ.