■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v J.W. HARDY, JR., Appellant. [856 NYS2d 324]—

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of escape in the second degree (Penal Law § 205.10 [2]), defendant contends that the conviction is not supported by legally sufficient evidence because he was not in custody when he fled the courthouse. We reject that contention. During an appearance before County Court while released on bail and awaiting sentencing on his conviction of criminal possession of a controlled substance in the fifth degree, defendant's bail was increased by the court and defendant was handcuffed by sheriff's deputies and seated in a hallway of the courthouse. Defendant fled the courthouse while the sheriff's deputies waited for the court clerk to prepare a securing order committing defendant to the Sheriff's custody. We conclude that defendant was in custody for the purposes of section 205.10 (2) at the time that he escaped from the courthouse because, even though the securing order had not yet been signed by the court, he was under "restraint by a public servant pursuant to . . . an order of a court" (§ 205.00 [2]).

Defendant waived his contention that he was wrongfully denied the opportunity to appear before the grand jury by failing to move to dismiss the indictment within five days following

his arraignment (*see* CPL 190.50 [5] [c]; *People v Beyor*, 272 AD2d 929, 930 [2000], *lv denied* 95 NY2d 832 [2000]). Contrary to defendant's further contention, defense counsel's failure to make a timely motion to dismiss the indictment on that ground, " 'without more, is insufficient to demonstrate ineffective assistance, particularly where[, as here, the] defendant fail[s] to demonstrate an absence of strategic or legitimate reasons for counsel's failure to pursue [that] course of action' " (*People v Hibbard*, 27 AD3d 1196, 1197 [2006], *lv denied* 7 NY3d 790 [2006]). Indeed, the record establishes that defense counsel identified specific strategic reasons for declining to move to dismiss the indictment on that ground and discussed them at length with defendant.

Finally, we reject the further contention of defendant that the court erred in denying his motion to set aside the verdict pursuant to CPL 330.30 (1) based on ineffective assistance of counsel without conducting a hearing. Defendant's motion did not raise a "ground appearing in the record" (CPL 330.30 [1]) and, to the extent that it concerns matters outside the record on appeal, the proper procedural vehicle is a motion pursuant to CPL 440.10 (*see People v Sweet*, 30 AD3d 1080 [2006], *lv denied* 7 NY3d 795 [2006]). Present—Scudder, P.J., Hurlbutt, Lunn, Pine and Gorski, JJ.