SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

1116
KA 12-00835
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

CHARLES E. SHELTON, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered April 25, 2012. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and driving while intoxicated, a misdemeanor (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of assault in the first degree (Penal Law § 120.10 [1]) and two counts of misdemeanor driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]). The charges stem from an incident during which defendant used his vehicle to run over the victim, who sustained serious physical injuries.

Before sentencing, defendant moved to set aside the verdict pursuant to CPL 330.30 (1), contending, inter alia, that he was denied effective assistance of counsel because his former defense attorney never fully explained the specific nature of a plea offer and never informed defendant of the possibility that he could be indicted on a more serious charge or that the more serious charge had a mandatory determinate term of incarceration. We conclude that County Court properly denied the motion.

It is well settled that "[t]he basis for vacating a jury verdict prior to sentencing is strictly circumscribed by CPL 330.30 to allow vacatur only if reversal would have been mandated on appeal as a matter of law" (*People v Tillman*, 273 AD2d 913, 913, *lv denied* 95 NY2d 939 [internal quotation marks omitted]; *see People v Sheltray*, 244 AD2d 854, 854, *lv denied* 91 NY2d 897). The statute is a limitation on a trial court's "jurisdiction" (*People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678; *see People v Davidson*, 299 AD2d 830, 831, *lv*

*denied* 99 NY2d 613), i.e., the "power" (*People v Carter*, 63 NY2d 530, 536), or " 'authority' " to set aside a verdict (*Sheltray*, 244 AD2d at 854; *see People v Adams*, 13 AD3d 316, 317, *following remittal* 52 AD3d 243, *lv denied* 11 NY3d 829; *People v Fai Cheung*, 247 AD2d 405, 405, *lv denied* 92 NY2d 851).

It is likewise well settled that a trial court "lack[s] the authority to consider facts not appearing on the record in determining [a] defendant's motion pursuant to CPL 330.30 (1) to set aside the verdict on the ground, inter alia, of ineffective assistance of counsel" (*People v Green*, 92 AD3d 894, 896, *lv denied* 19 NY3d 961; *see People v Hardy*, 49 AD3d 1232, 1233, *affd* 13 NY3d 805; *People v Griffin*, 48 AD3d 1233, 1236, *lv denied* 10 NY3d 840). Thus, "to the extent that [a defendant's motion] concerns matters outside the record on appeal, the proper procedural vehicle is a motion pursuant to CPL 440.10" (*Hardy*, 49 AD3d at 1233; *see Griffin*, 48 AD3d at 1236). Here, because defendant's motion "did not raise a 'ground appearing in the record' (CPL 330.30 [1])," reversal on direct appeal would not have been mandated as a matter of law, and the court lacked the authority to grant the motion (*Hardy*, 49 AD3d at 1233; *see Griffin*, 48 AD3d at 1236).

Contrary to defendant's contention, we conclude that the prosecutor raised the above-mentioned statutory limitations in opposition to the motion. Even assuming, arguendo, that he did not raise them, we conclude that the prosecutor's failure to assert them in opposition to the motion could not have bestowed upon the court the authority to exceed the parameters of CPL 330.30 (1). Defendant further contends that, because the court did not set forth a legal reason for denying that part of his motion to set aside the verdict, we cannot address the statutory limitations without violating *People v Concepcion* (17 NY3d 192, 194-195). We reject that contention. The decision of the Court of Appeals in *Concepcion* does not limit our authority to conclude that a motion was properly denied where, as here, there was no legal basis upon which the court could have granted the motion.

With respect to defendant's remaining contentions, we conclude that, upon viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, [we] must give '[g]reat deference . . . [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Harris*, 15 AD3d 966, 967, *lv denied* 4 NY3d 831, quoting *Bleakley*, 69 NY2d at 495). It was for the jury to determine whether to credit the testimony of the prosecution's witnesses, and we see no reason to disturb the jury's credibility determination (*see id.*).

We further conclude that the court did not err in refusing to suppress defendant's oral and written statements to the police. The

police officers responded to a dispatch call concerning a motor vehicle accident.  Upon arriving at the scene, a group of bystanders informed the officers that a nearby slow-moving vehicle, in which defendant was the sole occupant, had run over the victim.  After one officer activated the lights and siren of his police vehicle, defendant's vehicle stopped.  The officers approached the vehicle, whereupon they observed an open beer can in a cup holder.  One officer asked defendant, "what happened," and he responded that he "ran that guy over."  We agree with the court that, "[a]lthough defendant was seized within the meaning of the Fourth Amendment to the United States Constitution and article I, § 12 of the New York State Constitution during the period of this questioning . . . , he was not, as a matter of law, in custody at th[at] time for purposes of the need to give *Miranda* warnings.  When a seizure of a person remains at the stop and frisk inquiry level and does not constitute a restraint on his or her freedom of movement of the degree associated with a formal arrest, *Miranda* warnings need not be given prior to questioning" (*People v Bennett*, 70 NY2d 891, 893-894; *see People v Huffman*, 41 NY2d 29, 34).  It is well established that " 'threshold crime scene inquiries' designed to clarify the situation and questions that are purely investigatory in nature do not need to be preceded by *Miranda* warnings" (*People v Mayerhofer*, 283 AD2d 672, 674; *see People v Coffey*, 107 AD3d 1047, 1050, *lv denied* 21 NY3d 1041; *People v DeBlase*, 142 AD2d 926, 927; *People v La Joy*, 109 AD2d 916, 918).  Our "determination disposes of defendant's further [contention] that his [written] statement to the [officer] was tainted by the alleged illegality of the [officer's] initial questioning" (*Coffey*, 107 AD3d at 1050; *see People v Hennigan*, 135 AD2d 1082, 1083).

     Finally, we conclude that the sentence is not unduly harsh or severe in view of defendant's prior criminal record and his lack of remorse.

Entered:  November 8, 2013                  Frances E. Cafarell
                                            Clerk of the Court