OPINION OF THE COURT
Albert Tomei, J.
Defendant was charged with various crimes alleging the *36 sexual assault of his young daughter on three occasions. After a nonjury trial, defendant was convicted of sodomy in the first degree, sexual abuse in the first degree (five counts), sexual abuse in the third degree (five counts), incest, and endangering the welfare of a child, all pertaining to the third incident. Defendant was acquitted of all charges as to the two earlier alleged incidents. (Tomei, J., at trial.)
In his motion to set aside the verdict pursuant to CPL 330.30, among other claims, defendant asserts that his conviction should be set aside because certain evidence that was admitted at trial was a fabrication. The court conducted an evidentiary hearing on the motion. Defendant’s witnesses were Hayna Schapiro, Esther Feige Weiss, Rivky Rosenberg, Chany Mermelstein, and Wayne Mazur, Esq. The People called no witnesses. The following findings of fact and conclusions of law are based upon a review of the papers submitted by the parties, the trial transcript, and the credible hearing testimony:
Findings of Fact
At trial, a report card purporting to be the complainant’s was admitted into evidence. Defendant claims that this evidence was a forgery “created and manufactured in order to misrepresent [the complainant’s] academic progress during the academic year in question.” Moreover, according to defendant, because the allegedly false report card was admitted at trial on the strength of the complainant’s testimony that it was authentic, if it is established that the report card is illegitimate, this fact would cast doubt on the whole of the complainant’s testimony, upon which the People’s case largely rests. In support of this claim, defendant annexes the affirmation of the complainant’s teacher, Esther Feige Weiss, who taught the complainant during the period covered by the contested report card; the affirmant maintains that the report card was not prepared by her and that the handwriting contained therein is not her handwriting.
At the posttrial hearing, Ms. Weiss testified that she prepared the complainant’s report card for the school period covered by the questioned report card, and that the grades reflected on the contested report card were not the same as the grades for the complainant as recorded in the class grade sheet prepared by Ms. Weiss during the school year. She testified that she did not make the marks indicated on the questioned report card, nor did she write the comments reflected on it. Af *37 ter determining through expert handwriting analysis that the handwriting on the disputed report card does not match Ms. Weiss’ handwriting, the People have stipulated that Ms. Weiss was the complainant’s teacher during the relevant period and that the report card that was admitted into evidence at trial was not prepared by Ms. Weiss.
Two classmates of the complainant also testified for the defense at the hearing. They testified that Ms. Weiss was their teacher and that they had received their report cards from Ms. Weiss.
Conclusions of Law
Because this claim relies upon matters outside the record, it is not the proper subject of a motion to set aside the verdict pursuant to CPL 330.30 (1). {See, CPL 330.30 [1] [claim under this section must be made upon “(a)ny ground appearing in the record”].) Nor does it appear that defendant’s claim may be brought under CPL 330.30 (3), since defendant has failed to establish that he could not have produced the alleged evidence of forgery at trial even with due diligence. Defendant’s trial counsel knew about the existence of the report card before trial, and had reason to believe that it might be admitted as evidence. Moreover, counsel objected to the admissibility of the report card at the criminal trial on the ground of authenticity, the very basis of the present motion. However, even though the court indicated that it would sustain the objection and require a proper authenticating witness to testify if counsel insisted, the defense attorney withdrew this objection, and permitted the report card to be admitted into evidence on the authenticating testimony of the complainant, rather than the school’s custodian of records. Had counsel insisted on proper proof of the report card’s authenticity, the custodian of the school records may have identified the report card as false evidence.[1] Therefore, defendant’s motion to set aside the verdict is denied in its entirety, for the above-stated reasons.
*38 However, as the court informed the parties before the hearing commenced, in the interest of fairness and judicial economy, the court will treat defendant’s motion as a combined CPL 330.30/440.10 motion. (See, People v Thompson, 177 Misc 2d 803 [Sup Ct, Kings County 1998] [where fairness and judicial economy require, court may exercise its constitutional power to create a procedure to entertain a proper legal claim].) Therefore, it will consider defendant’s claim concerning the forged report card under CPL 440.10 (1) (b), (c) and (h), even though the court has not yet entered a judgment in this case. [2]
To maintain a claim under CPL 440.10 (1) (b), the defendant must allege facts establishing that the judgment was procured by duress, misrepresentation or fraud on behalf of the court or a prosecutor or a person acting in behalf of a court or prosecutor. (See, CPL 440.10 [1] [b].) In the affirmation in' which he first raised the claim concerning the contrived report card, defendant does not make any allegation of malfeasance by the prosecutor. In the People’s opposition to the affirmation, the prosecutor affirmed that she believed the report card to be authentic when she offered it into evidence, and did not have reason to believe otherwise. In reply to the People’s opposition, defendant mentioned only the possibility that the prosecutor may have been involved in the forgery, but made no factual allegation in support of his assertion that the prosecutor had knowledge that the report card was not genuine. Because defendant raised no factual issue as to the prosecutor’s alleged knowledge of the report card’s falsity, apart from innuendo and unsupported supposition, the court did not permit the defense toi call the prosecutor to testify at the posttrial hearing. There is no evidence from which the court could conclude that the prosecutor had any involvement in or knowledge of the forgery prior to", or during, the trial. Therefore, there is no basis for granting the motion pursuant to CPL 440.10 (1) (b).
To maintain a claim under CPL 440.10 (1) (c), defendant must allege facts establishing that material evidence adduced *39 at the trial was false, and known by the prosecutor or the court to be false prior to the entry of the judgment (or, in this case, the conviction). (See, CPL 440.10 [1] [c].) This claim must also fail, because defendant has not established prior knowledge of the evidence’s falsity. The court finds, however, that defendant’s motion should be granted pursuant to CPL 440.10 (1) (h), which provides that the court may vacate a conviction if it was “obtained in violation of a right of the defendant under the constitution of this state or of the United States.” (See, CPL 440.10 [1] Ch].)
The credible evidence at the hearing, including the testimony of Esther Feige Weiss and the stipulation concerning the conclusion of the People’s handwriting expert, established that the report card that was entered into evidence at the trial was not, in fact, the report card issued to the complainant by her teacher. By contrast, in her affirmed trial testimony, the complainant represented that she had received the suspect report card from her teacher, Ms. Weiss. This constitutes false material evidence. Though the report card — together with the arguable inference therefrom that the complainant’s decline in schoolwork was reflective of her mental state following the alleged abuse[3] — was not, per se, central to the sexual abuse allegations, under the particular circumstances of this trial, the court cannot say that the false evidence was immaterial. The false evidence was not merely the report card, but the complainant’s testimony authenticating the report card.
The crux of the case was the complainant’s credibility. The alleged crimes were witnessed only by the complainant. There was no physical corroboration of the abuse, and the complainant’s outcry was delayed. Furthermore, the allegations were raised in the context of a bitter legal battle between defendant and the victim’s mother over custody of the complainant, suggesting the possibility that the complainant had a motive to fabricate the charges. Seen in this context, false evidence admitted through the complainant’s false testimony, though not directly related to the central issue of whether or not the abuse occurred, cannot be considered immaterial to the question of the sole eyewitness’ credibility.
The People argue that even if the report card was false, the court should nevertheless conclude that the complainant’s testimony about the report card was truthful. According to the People, the report card, unbeknownst to the complainant, may *40 have been prepared by someone other than Ms. Weiss, thereby accounting for the discrepancy in the handwriting. The People’s assertion is farfetched, and does not find support in the record. Ms. Weiss testified, without contradiction, that she prepared and issued the report cards. It is undisputed that the report card entered into evidence was not prepared by Ms. Weiss, and did not reflect the grades entered on the class grading sheet, which reflected the grades of all the students in the complainant’s class. Based on the credible evidence, the court must conclude that the report card entered into evidence at trial was false, and that the complainant must have known it to be false.
This conclusion is bolstered by the failure of the complainant and her mother to testify at the hearing, or even to submit affirmations in opposition to defendant’s contentions. Though the People had represented to defendant that the complainant and her mother would be available for the posttrial hearing, both traveled to Israel shortly after the trial, where they remain to this day. Four months after defendant first raised the report card issue, the People have produced a letter from a psychologist in Israel who asserts that the complainant is too mentally frail to testify at the hearing. The People have not even ventured a guess as to when the complainant will be fit to testify and return to the United States.
The court is unconvinced by the People’s contention that the complainant is too incapacitated to testify at the hearing. To be sure, this case involves matters which the complainant would be expected to have difficulty discussing. For this reason, the court closed the courtroom to all but three of defendant’s relatives at trial. However, the complainant was able to testify at trial, under lengthy direct questioning and combative cross-examination, about these sensitive matters. Though her testimony was not without emotion, she maintained her composure throughout the questioning. Her mother also testified at length. The court cannot fathom why neither the complainant nor her mother is presently available to testify at the hearing, especially since the questioning would be limited to matters concerning the report card, and would not touch on the sensitive sexual matters about which the complainant already testified at trial.
After considering the credible evidence and lack of evidence on the issue of the disputed report card, the court concludes that the report card admitted as evidence at trial and the testimony authenticating it were false. In this single eyewitness case, consisting almost entirely of the largely uncorrobo *41 rated allegations of the complainant, a finding that the complainant testified falsely about one aspect of the case calls into question the reliability of her entire testimony. A criminal conviction based upon such suspect evidence violates due process under the New York and United States Constitutions. (See, People v Figueroa, 167 AD2d 101, 104 [1st Dept 1990] [conviction which is obtained based on evidence known to be false impairs defendant’s due process rights].) Under this cloud, the conviction cannot be permitted to stand, and defendant’s motion to vacate the conviction should be granted.
Therefore, and for the foregoing reasons, defendant’s motion to set aside the verdict pursuant to CPL 330.30 is denied. The motion to vacate the conviction, pursuant to CPL 440.10 (1) (h), is granted. The conviction is vacated and a new trial is ordered. The trial shall be limited to the counts pertaining to the March 23, 1997 allegation. (See, CPL 440.10 [6] [new trial resulting from order vacating judgment shall be upon all counts charged in indictment at time trial commenced, except those of which defendant was acquitted].)

. Defendant claims that his trial counsel was coerced by the court into giving up this objection and, therefore, he should not be held to account for failing to require the People to lay a proper foundation for introducing the report card. This claim is unfounded in law and is not supported by the facts. Attorneys are required by the rules of ethics to be zealous advocates for their clients’ causes. Even if counsel’s objections strike at the heart of the court’s conduct, there is no excuse for failing to register a timely protest. (See, e.g., People v Kirby, 254 AD2d 58 [1st Dept 1998] [failure to object to court’s allegedly improper and biased questioning left appellate claim unpreserved].) In any event, the record reflects that the court asked counsel if he wished to have a proper authenticating witness testify.Notwithstanding counsel’s *38 characterization of the court’s tone, certainly the court did not instruct counsel to withdraw the objection, and did not threaten any repercussions if counsel maintained his objection. In fact, trial counsel refused to abandon a simultaneously raised objection to the authenticity of another document, thus showing that he was not so thoroughly cowed by the court as defendant now claims.

. In view of the court’s determination that defendant failed to exercise due diligence with regard to evidence of the allegedly fraudulent report card, defendant has no claim under CPL 440.10 (1) (g) (newly discovered evidence). It should be noted that defendant’s papers do not specify under which subdivisions of CPL 330.30 or 440.10 his claims are brought.

. The People raised this argument in summation.