■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASHIM A. HERRING, Appellant. [758 NYS2d 875] —Crew III, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), entered April 14, 2000, upon a verdict convicting defendant of the crimes of murder in the first degree, murder in the second degree, robbery in the first degree and burglary in the first degree.

On April 21, 1999, defendant and several others went to an apartment at 31 Munsell Street in the City of Binghamton, Broome County, for the purpose of robbing Luke Spencer. When Spencer attempted to resist the robbery, he was shot and killed. Thereafter, defendant was indicted and charged with, inter alia, murder in the first degree. Following a jury trial, he was found guilty as charged. Having been sentenced to life without parole, defendant now appeals.

We affirm. Defendant's sole contention on appeal is that the verdict is against the weight of the evidence. While there can be no doubt that a different finding would not have been unreasonable, given the various inconsistencies between the testimony of the People's witnesses (*see People v Shook*, 294 AD2d 710, 712 [2002], *lv denied* 98 NY2d 702 [2002]), upon weighing the probative value of the conflicting inferences that may be drawn from the evidence and giving due deference to the jury's findings and its assessment of credibility issues (*see People v Soulia*, 263 AD2d 869, 872 [1999], *lv denied* 94 NY2d 829 [1999]), we are satisfied that the jury did not fail to give the evidence the weight it should be accorded (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). And while defendant makes much of the fact that the testimony of a number of the People's witnesses is suspect due to their criminal background and their receipt of favorable treatment with regard to criminal charges against them, we need note only that such does not make their testimony incredible as a matter of law (*see People v Young [Hoe] [Naheem]*, 296 AD2d 588, 592 [2002], *lvs denied* 99 NY2d 536, 538, 541 [2002]). Indeed, these matters were fully explored during trial, giving the jury ample opportunity to assess the witnesses' testimony and credibility (*see People v Walts*, 267 AD2d 617, 620 [1999], *lv denied* 95 NY2d 859 [2000]). Accordingly, the judgment is affirmed.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.