■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES W. TOLAND, JR., Appellant. [770 NYS2d 148]—

Mugglin, J. Appeals (1) from a judgment of the County Court of Montgomery County (Catena, J.), rendered October 1, 2001, upon a verdict convicting defendant of the crime of murder in the second degree, and (2) by permission, from two orders of said court, entered January 14, 2002 and December 31, 2002,

which denied defendant's motions pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

The remains of Paulette Dempster, who disappeared September 13, 1994, were discovered in November 1995 in a wooded area in the City of Amsterdam, Montgomery County. Defendant was subsequently charged with her death in a sealed indictment containing two counts of murder in the second degree. Following a jury trial, defendant was convicted of murder in the second degree and sentenced to 25 years to life imprisonment. Immediately prior to sentencing, defendant attempted to make a pro se motion pursuant to CPL 330.30. As the motion had not been received by County Court prior to sentencing, the court, sua sponte, converted the motion to one under CPL 440.10 and ultimately denied it without a hearing. A later motion under CPL 440.10 based on a claim of ineffective assistance of counsel was also denied by County Court without a hearing. Defendant appeals from both orders and the judgment of conviction.

With respect to the judgment of conviction, defendant's principal contention is that the evidence was not legally sufficient to establish murder in the second degree in that the medical evidence of Dempster's cause of death was totally lacking and the testimony of an inmate to whom defendant allegedly admitted strangling Dempster was incredible as a matter of law. Viewing the evidence in the light most favorable to the People leads us to conclude that the prosecution established a prima facie case (see People v Rosado, 300 AD2d 838, 839-840 [2002], lv denied 99 NY2d 619 [2003]; People v Luck, 294 AD2d 618, 618-619 [2002], lv denied 98 NY2d 699 [2002]), as there exists a " 'valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury' " (People v Luck, supra at 618-619, quoting People v Bleakley, 69 NY2d 490, 495 [1987]).

As part of their case to establish that defendant's conduct was the actual direct cause of Dempster's death (see People v Denis, 276 AD2d 237, 240 [2000], lvs denied 96 NY2d 782, 861 [2001]), the People relied on the testimony of Barbara Wolf, a forensic pathologist. She conceded that, based upon the autopsy alone, she was unable to form an opinion to a reasonable degree of scientific certainty as to the actual cause of death. However, after additionally reviewing Dempster's medical records, test results revealing an absence of drugs or poisons in the body, the photographs of where the victim's remains were found, the absence of any evidence of injuries inflicted by trauma, and other items of physical evidence associated with Dempster's remains, Wolf concluded that Dempster had been murdered and

that the most likely cause of death was asphyxia. Given that other evidence included facts consistent with Wolf's testimony, we conclude that the medical evidence that Dempster was murdered as a result of strangulation was legally sufficient.

Next, we find no merit to defendant's contention that the testimony of the inmate to whom defendant allegedly made an admission of guilt was incredible as a matter of law. To be so characterized, the testimony must be "manifestly untrue, physically impossible or contrary to human experience" (*People v Young*, 296 AD2d 588, 592 [2002], *lvs denied* 99 NY2d 536, 538, 541 [2002]; *see People v Burns*, 281 AD2d 704, 705 [2001], *lvs denied* 96 NY2d 826, 831 [2001]). Moreover, his status as an inmate with a criminal record who has offered testimony in return for favorable treatment does not render his testimony incredible as a matter of law (*see People v Herring*, 305 AD2d 855, 855 [2003], *lv denied* 100 NY2d 582 [2003]). It is clear that despite certain inconsistencies in his testimony that defense counsel demonstrated to the jury, the jury credited his claim of defendant's admission, a determination which is accorded due deference on appeal unless manifestly unsupported by the record (*see People v Denis, supra* at 246).

Defendant next contends that County Court's refusal to grant him a mistrial requires reversal of his conviction. The mistrial was sought after defense counsel thought he would be prosecuted and/or held in contempt for refusing to reveal the location of a person that the People desired to subpoena. Whether to grant a mistrial is committed to the sound discretion of the trial court where "an error or legal defect in the proceedings, or conduct inside or outside the courtroom . . . is prejudicial to the defendant and deprives him of a fair trial" (CPL 280.10 [1]). The decision of a trial court on such a motion will only be disturbed on review if the exercise of such discretion is clearly an abuse (*see People v Love*, 307 AD2d 528, 530 [2003]). Here, there is no nexus between the conflict of interest claimed by defense counsel because of his perceived personal jeopardy and deprivation of defendant's right to a fair trial. The record clearly establishes that it did not impair counsel's ability to fully and adequately participate in the trial so as to afford defendant the required constitutionally fair trial. Accordingly, we find no error in the denial of defendant's motion for a mistrial.

Turning to the denial of defendant's CPL 440.10 motions, we note that a court may properly consider a CPL 330.30 motion as one made under CPL article 440 where fairness and judicial economy are not sacrificed (*see* Judiciary Law § 2-b [3]; *People v Deblinger*, 179 Misc 2d 35, 38 [1998], *affd* 267 AD2d 395 [1999],

*lv denied* 94 NY2d 946 [2000]). Since defendant's CPL 330.30 motion papers had not been filed with County Court prior to the imposition of sentence, County Court was justified in converting the motion to one under CPL 440.10 to avoid delay in the imposition of sentence, to control its calendar, and to grant the People an adequate opportunity to respond. Additionally, County Court made clear that the conversion of the motion would in no way prejudice defendant's right to make a subsequent CPL 440.10 motion. Nor do we find any error in County Court's denial of this motion without a hearing. First, although defendant was represented by counsel, the motion was made pro se, which circumstance alone authorizes the court to refuse to consider the motion (*see People v Rodriguez*, 95 NY2d 497, 501-502 [2000]). Second, the motion seeks simply to present additional evidence attacking the credibility of the inmate to whom defendant allegedly confessed (*see People v Hayes*, 295 AD2d 751, 752 [2002], *lv denied* 98 NY2d 730 [2002]). Both cross-examination of this witness and defendant's direct testimony encompassed the evidence now proffered. Finally, since this evidence could have been discovered with due diligence and presented during the trial, the motion was properly denied without a hearing (*see* CPL 330.30 [3]; 330.40 [2] [e]; 440.10 [1] [g]; 440.30 [4]).

The subsequent CPL 440.10 motion was also properly denied without a hearing. Defendant claims that counsel was ineffective in failing to move to dismiss the indictment since defendant was not afforded an opportunity to testify before the grand jury, in failing to request a missing witness charge, in failing to call witnesses to attack the credibility of the inmate, and in failing to fully cross-examine the testimony of a police witness concerning the interview of one Andre Simms. Defendant was charged in a sealed indictment and, thus, he was not required to be notified of the grand jury proceedings (*see* CPL 190.50 [5] [a]). Moreover, he fails to allege any facts which would suggest that he was prejudiced by his failure to testify before the grand jury (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Horan*, 290 AD2d 880, 886 [2002], *lv denied* 98 NY2d 638 [2002]). With respect to defense counsel's alleged failure to call witnesses in an effort to impeach the inmate, defendant admits that he did not know the inmate other than by his prison nickname and did not recognize him until he testified. He then could only reveal potential witnesses by their nicknames. Given the time constraints of the trial, the failure to interview and produce these witnesses does not amount to ineffective assistance. As a final matter, given the contradictions of fact contained in the statement, defense counsel's decision not to

cross-examine the police witness about the interview with Simms appears to be a trial strategy consciously adopted by defense counsel and is not the equivalent of ineffectiveness. Since the moving papers clearly failed to show ineffective assistance of counsel, County Court properly denied this CPL 440.10 motion without a hearing. We have reviewed defendant's remaining contentions and find them to be without merit.

Cardona, P.J., Crew III, Peters and Kane, JJ., concur. Ordered that the judgment and orders are affirmed.