■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IKIEM DAVIS, Appellant. [921 NYS2d 400]—

Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered August 6, 2009, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

As Police Officer Jimm Lewis drove a marked police car from Lark Street onto Orange Street in the City of Albany, he observed defendant on Orange Street. Defendant looked at Lewis and then threw a white, golf ball-sized item toward some shrubs. The item was retrieved by Lewis and subsequent testing revealed that it contained crack cocaine. Defendant was indicted on charges of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree. A jury found him guilty of both counts. After denying his CPL article 330 motion, County Court sentenced defendant, as a second felony drug offender, to concurrent prison terms of eight years and four years, respectively. Defendant appeals.

We affirm. Defendant challenges the legal sufficiency of the evidence and claims that the verdict was against the weight of the evidence. Lewis testified that he observed defendant throw an item and he found that item in the vicinity of where it had been tossed. The retrieved item contained 27 "tie offs" of a substance that tested to be crack cocaine and the total quantity of cocaine exceeded 500 milligrams. There was also testimony from Lewis, who related his experience of handling hundreds of drug cases, that packaging cocaine in numerous tie offs was consistent with intent to sell (see People v Sudler, 75 AD3d 901, 905 [2010], lv denied 15 NY3d 956 [2010]). Defendant urges, however, that Lewis was not a credible witness, and points to inconsistencies in Lewis's testimony and earlier statements. The inconsistencies did not rise to the level of making Lewis's testimony incredible as a matter of law (see People v Toland, 2 AD3d 1053, 1055 [2003], lv denied 2 NY3d 808 [2004]), they were explored in cross-examination, and the inconsistencies created a credibility issue for the jury (see People v Silvestri, 34 AD3d 986, 987 [2006]; People v Wilt, 18 AD3d 971, 972 [2005], lv denied 5 NY3d 771 [2005]). The evidence, viewed most favorably to the People, was legally sufficient. Moreover, according deference to the jury's credibility determinations, after our independent weighing and considering of the evidence, we are unpersuaded that the verdict was against the weight of the evidence (see People v Kindred, 60 AD3d 1240, 1241 [2009], lv denied 12 NY3d 926 [2009]; People v Dorsey, 3 AD3d 590, 591-592 [2004]).

Defendant next contends that the indictment should be dismissed because the integrity of the grand jury proceeding was impaired (see CPL 210.35 [5]). Contrary to defendant's contention, the record and grand jury minutes do not indicate that the prosecutor relied on grand jury testimony that he knew

then or at any time thereafter to be false. Lewis's grand jury testimony, while containing an apparent inconsistency with his incident report, was not necessarily false, and there is nothing suggesting that the prosecutor knowingly permitted any inaccurate testimony to stand (*see People v Whitehurst*, 291 AD2d 83, 88 [2002], *lv denied* 98 NY2d 642 [2002]; *cf. People v Mitchell*, 82 NY2d 509, 514 [1993]; *People v Pelchat*, 62 NY2d 97, 106-107 [1984]). Nor did the prosecutor's questioning of defendant before the grand jury about his prior felony conviction (which the prosecutor instructed the grand jury was relevant only insofar as it bore on defendant's credibility) constitute conduct that impaired the integrity of the grand jury proceedings (*see People v Thomas*, 213 AD2d 73, 76 [1995], *affd* 88 NY2d 821 [1996]).

County Court did not err in denying defendant's suppression motion. By throwing the crack cocaine into nearby shrubs, defendant abandoned the property forfeiting any expectation of privacy in such item (*see People v Weekes*, 52 AD3d 1032, 1034-1035 [2008], *lv denied* 11 NY3d 796 [2008]). Defendant further contends that Lewis lacked credibility and, thus, his version of events establishing probable cause should have been disregarded. We accord deference to County Court's assessment of credibility at a suppression hearing (*see e.g. People v Horge*, 80 AD3d 1074, 1074 [2011]), and we are unpersuaded here to disregard County Court's crediting of Lewis's suppression hearing testimony.

There is no merit in defendant's argument that a mistrial should have been granted when one juror reported to County Court, at the start of the second day of testimony, that two males attending the trial had been staring at the jury the prior day. The juror was questioned out of the presence of other jurors and she stated that the incident did not make her feel uncomfortable, she had neither spoken to other jurors about it nor heard other jurors comment about the two males, she had not been distracted from listening to the trial proof, and she responded that she "absolutely" could remain fully fair. County Court, with the agreement of counsel, then further asked all jurors whether anything had happened in or out of the courtroom that might make them feel that they could no longer be fair and impartial. None indicated a problem remaining fair and impartial. Under such circumstances, it was not error to permit the juror to remain and to deny defendant's request to effectively declare a mistrial by dismissing the entire jury (*see People v Bassett*, 55 AD3d 1434, 1435 [2008], *lv denied* 11 NY3d 922 [2009]; *People v Toland*, 2 AD3d at 1055).

Defendant's motion to set aside the verdict was properly denied without a hearing. The hearsay contention, set forth only in defense counsel's affirmation, that "approximately two" jurors may have attended school with the prosecutor and failed to so inform County Court was insufficient to set aside the verdict or to require a hearing (*see People v Comfort*, 30 AD3d 1069, 1069-1070 [2006], *lv denied* 7 NY3d 787 [2006]; *People v Thomas*, 24 AD3d 1242, 1243 [2005], *lv denied* 6 NY3d 819 [2006]; *see also People v Johnson*, 54 AD3d 636, 636-637 [2008], *lv denied* 11 NY3d 898 [2008]). The remaining assertions made in the CPL article 330 motion, including legal sufficiency of the evidence and the propriety of County Court's *Allen* charge, are without merit and did not require a hearing (*see* CPL 330.40).

Defendant urges that his sentence was harsh and excessive. We cannot agree. He had a prior drug-related felony conviction and he received less than the maximum permissible sentence on the top count. The sentence was not harsh and there are no extraordinary circumstances warranting a reduction thereof (*see People v Wilson*, 78 AD3d 1213, 1217 [2010]; *People v Herring*, 74 AD3d 1579, 1580 [2010]).

Peters, J.P., Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.