Weston, J.P.
(dissenting and voting to affirm the order in the following memorandum). I agree with the majority that since defendant’s motion was based on matters outside the record, it was not proper for the court to set aside the verdict pursuant to CEL 330.30 (1) (see People v Wolf, 98 NY2d 105 [2002]). Nevertheless, in the interest of judicial economy, I would treat defendant’s motion as a motion to vacate the conviction pursuant to CEL 440.10 and grant leave to appeal from the order denying the motion. Upon doing so, I would affirm.
Although the majority opines that a CEL 440.10 motion cannot be made where, as here, defendant has not been sentenced, I disagree. Judiciary Law § 2-b (3) authorizes a court “to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it.” Thus, a court may consider a CEL 330.30 motion as one made under CEL 440.10 “where fairness and judicial economy are not sacrificed” (People v Toland, 2 AD3d 1053, 1055 [2003]; see also People v Deblinger, 179 Misc 2d 35 [Sup Ct, Kings County 1998], affd 267 AD2d 395 [1999]; People v Thompson, 177 Misc 2d 803 [Sup Ct, Kings County 1998]).
In granting defendant’s motion, the Criminal Court acknowledged the existence of signs prohibiting entry into the courtroom in violation of defendant’s right to a public trial. For this court to reverse the Criminal Court’s order at this stage only to have defendant’s conviction ultimately vacated on a subsequent CEL 440.10 motion would defeat the interest of judicial economy. Indeed, several courts have treated a CEL 330.30 motion as a CEL 440.10 motion prior to the entry of judgment, where the *57 interests of justice required it (see People v Deblinger, 179 Misc 2d at 37-38 [although CPL 330.30 was not proper vehicle for raising the defendant’s claim, court would consider the claim pursuant to CPL 440.10 in the interest of fairness and judicial economy, even though judgment had not been entered]; People v Thompson, 177 Misc 2d at 808-809 [although CPL 330.30 is improper where claims do not appear on the record, court may exercise its powers under Judiciary Law § 2-b (3) to authorize the making of a premature CPL 440.10 in the interest of judicial economy]). In those cases, like here, allowing the verdict to stand would leave the defendant without a remedy until after the entry of judgment. Such a result, particularly in this case where the verdict was obtained in clear violation of defendant’s right to a public trial, is patently unfair. Thus, under the circumstances of this case, the Criminal Court providently exercised its discretion in setting aside the verdict and ordering a new trial.
Accordingly, I vote to affirm.
Rios and Aliotta, JJ., concur; Weston, J.P., dissents in a separate memorandum.