■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT SIMMONS, Appellant. [998 NYS2d 472]—

Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered September 6, 2013, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In satisfaction of a three-count indictment, defendant pleaded guilty to the crime of criminal possession of a controlled substance in the third degree. The plea agreement contemplated that he would be sentenced as a second felony offender and would receive a determinate prison term of between 6 and 12 years, to be followed by a term of postrelease supervision. County Court ultimately sentenced defendant to a prison term of eight years to be followed by postrelease supervision of three years, that sentence to run consecutively to a prison sentence he was already serving. Defendant now appeals, arguing solely that the sentence was harsh and excessive.

We disagree and affirm. It is well settled that "[a] sentence that falls within the permissible statutory ranges will not be disturbed unless it can be shown that the sentencing court abused its discretion or that extraordinary circumstances exist warranting a modification in the interest of justice" (*People v Pailin*, 306 AD2d 558, 558 [2003], *lv denied* 100 NY2d 597 [2003]; *see People v McCombs*, 83 AD3d 1296, 1296 [2011]). The sentence here was within the permissible statutory range and, after reviewing the seriousness of the offense, defendant's prior criminal history and the fact that the sentence was both within the negotiated range and well below the statutory maximum, we discern no circumstances that would warrant its modification (*see People v Davis*, 83 AD3d 1210, 1213 [2011], *lv denied* 17 NY3d 794 [2011]; *People v Wilson*, 78 AD3d 1213, 1217 [2010], *lv denied* 16 NY3d 747 [2011]).

Peters, P.J., Stein, McCarthy, Garry and Lynch, JJ., concur. Ordered that the judgment is affirmed.