*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 22, 2015                    105980
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

          v                              MEMORANDUM AND ORDER

PAUL W. TURCOTTE,
                        Appellant.
_____

Calendar Date:  November 13, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Egan Jr., JJ.

                    _____


        Mark Schneider, Plattsburgh, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A.
Douthat of counsel), for respondent.

                    _____


Lahtinen, J.

        Appeal from a judgment of the County Court of Clinton
County (McGill, J.), rendered April 24, 2013, upon a verdict
convicting defendant of the crimes of criminal possession of
stolen property in the fourth degree, criminal possession of
stolen property in the fifth degree (three counts) and conspiracy
in the fifth degree.

        On April 16, 2012, a large amount of copper wire valued at
$14,000 was stolen from a private contractor who was doing work
at the United States Border Patrol facility in Highgate, Vermont.
Thereafter, defendant and Bradley Robtoy, Vermont residents,
traveled on April 18 and 24, 2012 to Clinton County, where they
sold significant quantities of scrap copper to two separate
businesses on each day.  Investigations in Vermont and Clinton

County led police to defendant and Robtoy. Defendant was eventually indicted on one felony and one misdemeanor count of possessing stolen property arising from his activities on April 18, 2012, two misdemeanor counts of possessing stolen property regarding April 24, 2012, and one misdemeanor count of conspiracy. A jury convicted defendant on all five counts. County Court sentenced him as a second felony offender to 2 to 4 years in prison on the felony count of criminal possession of stolen property in the fourth degree and one-year sentences on each of the four misdemeanors – three counts of criminal possession of stolen property in the fifth degree and one count of conspiracy in the fifth degree – all sentences to run concurrently. Defendant appeals.

The verdict was supported by legally sufficient evidence. Criminal possession of stolen property in the fifth degree is established by proving that defendant knowingly possessed stolen property and he intended to use it to benefit himself or another who was not the owner (see Penal Law § 165.40), and criminal possession of stolen property in the fourth degree adds the relevant element that the stolen property had a value in excess of $1,000 (see Penal Law § 165.45 [1]). The conspiracy count required proof that defendant agreed with one or more persons to engage in or perform a felony (see Penal Law § 105.05 [1]), with the relevant felony being the criminal possession of stolen property in the fourth degree.

Here, the People's proof included, among other things, that tire tracks matching Robtoy's van were discovered where the copper wire was stolen in Vermont. Patrick Paquette, who rode with defendant and Robtoy during their April 18, 2012 trip to Clinton County, testified that he observed a large amount of copper in Robtoy's van and that he helped defendant and Robtoy scrap the copper in Clinton County. Paquette recalled that, during their travels that day, Robtoy stated that the copper came from a government job site, Robtoy warned Paquette to keep quiet about the copper, and defendant assured Robtoy that Paquette was "not a rat." Receipts from that day reflect that over $1,700 was received for the scrapped copper. The job supervisor from where the wire was stolen stated that an unusual type of copper wire had been required by the government contract, and he identified

the wire that defendant and Robtoy had sold in Clinton County as matching the stolen wire. The wire sold during the April 24, 2012 trip had been burned to remove identifying insulation. Vermont police discovered a burn pit at Robtoy's residence as well as copper wire that was the same as what had been stolen from the Highgate job site.

Although defendant acknowledged to police and testified at trial that he accompanied Robtoy, he claimed not to have known that the copper wire had been stolen. Given the People's proof, this created a credibility issue for the jury. Viewed in the light most favorable to the People, the proof provided "'a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime[s] proved beyond a reasonable doubt'" (People v Danielson, 9 NY3d 342, 349 [2007], quoting People v Acosta, 80 NY2d 665, 672 [1993]). Moreover, to the extent that defendant argues that the verdict is against the weight of the evidence, our independent weighing and considering of the evidence, while according deference to the jury's credibility determinations, reveals that such argument is unpersuasive (see People v Romero, 7 NY3d 633, 643-644 [2006]).

Defendant contends that it was error to deny his motion for a mistrial made after a Vermont police officer made a brief reference to the fact that defendant had been arrested in Vermont for the April 16, 2012 burglary. "[T]he decision to grant or deny a motion for a mistrial is within the trial court's discretion" (People v Wilson, 78 AD3d 1213, 1214 [2010], lv denied 16 NY3d 747 [2011] [internal quotation marks and citation omitted]). County Court had ruled in a pretrial Molineux motion that various evidence and conduct by defendant and Robtoy relating to the April 16 theft of copper wire could be introduced. The ruling did not, however, directly address the fact that defendant had been arrested in Vermont for the burglary. Nonetheless, after defendant objected, the People withdrew the question and County Court immediately instructed the jury to disregard any reference to the Vermont arrest. Under the circumstances, defendant was not deprived of a fair trial and County Court did not abuse its discretion in denying the request for a mistrial (see People v Redmon, 81 AD3d 752, 752-753 [2011],

lv denied 16 NY3d 862 [2011]; People v Walker, 225 AD2d 507, 507 [1996], lv denied 88 NY2d 887 [1996]).

The remaining arguments do not require extended discussion. Defendant's assertion that two of the misdemeanor counts (counts 3 and 4), for which he received concurrent sentences, are multiplicitous was not preserved for review and we decline to exercise our interest of justice jurisdiction as to such issue (see People v Thompson, 34 AD3d 931, 932 [2006], lv denied 7 NY3d 929 [2006]; People v Morey, 224 AD2d 730, 731 [1996], lv denied 87 NY2d 1022 [1996]; see also People v Slishevsky, 97 AD3d 1148, 1151 [2012], lv denied 20 NY3d 1015 [2013]).  Contrary to defendant's contention, County Court did not prevent defense counsel from making a full summation.  The court acted within its discretion when it directed counsel near the end of counsel's lengthy closing argument to stop being repetitive and, in fact, the record confirms that counsel had become repetitive (see generally Herring v New York, 422 US 853, 862 [1975]; People v Borukhova, 89 AD3d 194, 224 [2011], lv denied 18 NY3d 881 [2012]).  With regard to the propriety of some of the People's comments during summation, defendant did not preserve this issue (see People v Jordan, 99 AD3d 1109, 1110 [2012], lv denied 20 NY3d 1012 [2013]; People v Head, 90 AD3d 1157, 1158 [2011]) and, in any event, "the challenged conduct 'was not so egregious or pervasive as to deprive defendant of a fair trial'" (People v Reichel, 110 AD3d 1356, 1364 [2013], lv denied 22 NY3d 1090 [2014], quoting People v Muniz, 93 AD3d 871, 876 [2012], lv denied 19 NY3d 965 [2012]).

Peters, P.J., Garry, Rose and Egan Jr., JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court