*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 21, 2015                    104278
                                                      104617
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

GARY GRIFFIN, Also Known as
    G MONEY,
                        Appellant.
_____

Calendar Date:  March 24, 2015

Before:  Peters, P.J., Egan Jr., Rose and Lynch, JJ.

                    _____


        Carolyn B. George, Albany, for appellant, and appellant pro se.

        D. Holley Carnright, District Attorney, Kingston (Marlene O. Tuczinski, New York Prosecutors Training Institute, Inc., Albany, of counsel), for respondent.

                    _____


Rose, J.

        Appeals (1) from a judgment of the County Court of Ulster County (Williams, J.), rendered May 6, 2011, upon a verdict convicting defendant of the crimes of murder in the first degree, conspiracy in the second degree, intimidating a victim or witness in the first degree, tampering with a witness in the first degree, criminal possession of a weapon in the second degree and criminal facilitation in the second degree, and (2) from a judgment of said court, rendered August 26, 2011, which resentenced defendant.

Defendant, an admitted member of the "Sex, Money, Murder" branch of the Bloods gang, was charged with murder in the first degree as well as other, lesser charges in connection with his involvement in an execution-style murder intended to prevent the victim from testifying in a pending criminal action against another member of the gang. Members of the gang and their associates had threatened the victim's family and had been looking for him when they received word of his nearby location. Defendant and codefendant Trevor Mattis, together with two female associates, then drove to the victim's location. When they arrived, defendant gave Mattis a gun and Mattis shot the victim in the back of the head. Defendant then directed the getaway and disposal of the gun. After a joint trial, at which the two female associates testified on behalf of the People, defendant and Mattis were convicted as charged. County Court then sentenced them each to a controlling term of life in prison without the possibility of parole,[1] and defendant appeals.[2]

Defendant contends that the verdict is against the weight of the evidence because the trial testimony of the two associates was inconsistent with their prior statements to the police and, for that reason, should have been discredited.[3] After reviewing the full record and applying the standards of People v Bleakley

---

[1] We previously affirmed Mattis' conviction (People v Mattis, 108 AD3d 872 [2013], lvs denied 22 NY3d 957 [2013]).

[2] Defendant was later resentenced as a second felony offender to lengthier sentences on the lesser counts. Although defendant filed a notice of appeal from that judgment, he does not raise any issues with respect to the resentencing.

[3] To the extent that defendant also argues that the verdict is not based on legally sufficient evidence, he failed to preserve this issue with a motion for a trial order of dismissal. "We will, however, necessarily evaluate whether the elements of the crime[s] were adequately proven as part of our review of the weight of the evidence" (People v Jones, 101 AD3d 1241, 1241 [2012], lv denied 21 NY3d 944 [2013]).

(69 NY2d 490, 495 [1987]), we disagree.  When the two female associates were questioned by the police on the day following the murder, they minimized their involvement and knowledge of the incident.  However, after they were both charged in connection with the victim's death, they entered into cooperation agreements with the District Attorney providing them with favorable treatment in return for their truthful testimony.  Their testimony at trial, which was consistent with their testimony before the grand jury, identified defendant as the "big homie" or boss of the local branch of the gang, implicated him in the gang's plan to find the victim and to prevent the victim from testifying against their fellow gang member, and identified defendant as the supplier of the murder weapon to Mattis.  The two associates testified that their initial statements, given to police immediately after their arrests, did not reveal everything that they knew because of their fear of being held responsible for the victim's murder as well as retaliation from the gang.  Contrary to defendant's assertion, their testimony was neither inherently incredible nor patently false.  Nor is there any support for defendant's claim that the People knowingly presented false testimony.  These issues concerning the inconsistencies between the testimony of these associates and their prior statements, as well as the benefits that they were receiving by testifying against defendant, were fully explored at trial and aired before the jury (see People v Lloyd, 118 AD3d 1117, 1121 [2014], lv denied 25 NY3d 951 [2015]; People v Tyrell, 82 AD3d 1352, 1354-1355 [2011], lv denied 17 NY2d 810 [2011]; People v Herring, 305 AD2d 855, 855 [2003], lv denied 100 NY2d 582 [2003]).  Due to the jury's ability to view the witnesses, hear their testimony and observe their demeanor, we give great deference to its credibility determinations and, as a result, we cannot conclude that the verdict – as to any of the charges – was against the weight of the evidence (see People v Turcotte, 124 AD3d 1082, 1083 [2015]; People v Simmons, 115 AD3d 1018, 1019-1020 [2014]; People v Thompson, 75 AD3d 760, 763-764 [2010], lvs denied 15 NY3d 893, 894, 896 [2010]).

Defendant's contention that his counsel was ineffective for failing to make various motions or objections is also unpersuasive, as all of the motions or objections that defendant

now claims should have been raised would have been properly rejected by County Court in the event that they had been raised. Accordingly, we apply the precept that "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion or argument that has little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]; see People v Morales, 119 AD3d 1082, 1084 [2014], lv denied 24 NY3d 1086 [2014]).  In short, our review of the record satisfies us that counsel made appropriate pretrial motions, presented a cogent defense theory, effectively cross-examined witnesses and, as a whole, provided meaningful representation (see People v Bateman, 124 AD3d 983, 986 [2015], lv denied 25 NY3d 949 [2015]; People v Griffin, 122 AD3d 1068, 1071 [2014]; People v Vanderhorst, 117 AD3d 1197, 1201 [2014], lv denied 24 NY3d 1089 [2014]).

Finally, in light of defendant's violent criminal history, lack of remorse and central role in the cold-blooded execution of the victim for the purpose of preventing him from testifying in a criminal action, we find no abuse of discretion or extraordinary circumstances warranting a reduction of his sentence (see People v Shoemaker, 119 AD3d 1073, 1077 [2014], lv denied ___ NY3d ___ [Apr. 13, 2015]; People v Booker, 53 AD3d 697, 704 [2008], lvs denied 11 NY3d 853, 856 [2008]; People v Kearney, 39 AD3d 964, 966 [2007], lv denied 9 NY3d 846 [2007]).  Defendant's remaining contentions have been examined and determined to be without merit.

Peters, P.J., Egan Jr. and Lynch, JJ., concur.

ORDERED that the judgments are affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court