# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**179**

**KA 13-01621**

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHN FRIELLO, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, THE LAW OFFICE OF GUY A. TALIA (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered April 30, 2013.  The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class E felony, and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon a jury verdict of, inter alia, driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]), defendant contends that the verdict is against the weight of the evidence with respect to the element of intoxication.  We reject that contention.  "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence," we must afford great deference to the fact-finder's opportunity to view the witnesses, hear their testimony and observe their demeanor (*People v Harris*, 15 AD3d 966, 967, *lv denied* 4 NY3d 831).  It was for the jury to determine whether to credit the testimony of the arresting officer that defendant exhibited a number of signs of intoxication, or the testimony of defendant's acquaintances that he did not appear to be intoxicated (*see People v Shelton*, 111 AD3d 1334, 1336, *lv denied* 23 NY3d 1025).  The jury was also entitled to consider, as evidence of consciousness of guilt, defendant's refusal to participate in field sobriety tests (*see generally People v Berg*, 92 NY2d 701, 706), or to submit to a chemical test (*see People v McGraw*, 57 AD3d 1516, 1517).  Thus, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that, although a different verdict would not have been unreasonable, the jury did not fail to give the evidence the weight it should be accorded (*see People v Stevens*, 109 AD3d 1204, 1205, *lv denied* 23 NY3d

1043; *see generally People v Bleakley*, 69 NY2d 490, 495).

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court