People v Tripp (2019 NY Slip Op 08339)





People v Tripp


2019 NY Slip Op 08339


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


1133 KA 16-01623

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAMIEN TRIPP, DEFENDANT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
DAMIEN TRIPP, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), rendered June 20, 2016. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree (two counts) and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that all of the sentences imposed shall run concurrently and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count of assault in the second degree (§ 120.05 [2]). Defendant shot the victim in the leg during an argument at a party in October 2014, and the same victim was shot and killed by a masked gunman approximately one month later, in November 2014. After the victim's murder, several people who had attended the October 2014 party identified defendant as having been present that night and as having shot the victim. Defendant was charged with both assault and murder, but was convicted only with respect to the charges associated with the October 2014 shooting, and was acquitted on all charges related to the November 2014 murder.
We reject defendant's contention in his main brief that verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Four witnesses to the October 2014 shooting testified that defendant was present on the night that the victim was shot, that he argued with the victim, and that he fired a gun in the victim's direction. Although defendant identifies reasons to question the witnesses' veracity, "the testimony of the People's witnesses was not incredible as a matter of law, i.e., it was not impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Perkins, 160 AD3d 1455, 1457 [4th Dept 2018], lv denied 31 NY3d 1151 [2018] [internal quotation marks omitted]; see People v Resto, 147 AD3d 1331, 1334 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017]; People v Griffin, 128 AD3d 1218, 1219-1220 [3d Dept 2015], lv denied 27 NY3d 998 [2016], reconsideration denied 27 NY3d 1151 [2016]). " Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence,' we must afford great deference to the fact-finder's opportunity to view the witnesses, hear their testimony and observe their demeanor" (People v Friello, 147 AD3d 1519, 1520 [4th Dept 2017], lv denied 29 NY3d 1031 [2017]), and we conclude that the jury properly considered the issues of credibility, including the inconsistencies in the witnesses' testimony, and there is no basis for disturbing its determinations (see People v Rogers, 70 AD3d 1340, 1340 [4th Dept 2010], lv denied 14 NY3d 892 [2010], cert denied 562 US 969 [2010]). With respect to defendant's contention that the evidence did not establish that he intended to shoot the victim because some of the witnesses testified that defendant shot at the ground, the jury could have reasonably inferred that defendant was aiming his gun at the victim [*2]with intent to cause him physical injury based on the evidence that defendant had been arguing with the victim prior to the shooting, and that witnesses testified that defendant fired multiple shots from close range in the victim's direction (see People v Tatis, 170 AD3d 45, 50-51 [1st Dept 2019], lv denied 33 NY3d 981 [2019]).
We agree with defendant in his main brief, however, that the sentence is illegal insofar as County Court directed that the sentences imposed on the two counts charging criminal possession of a weapon in the second degree run consecutively to the sentence imposed on the count charging assault in the second degree. We note that defendant's contention does not require preservation (see People v Fuentes, 52 AD3d 1297, 1300-1301 [4th Dept 2008], lv denied 11 NY3d 736 [2008]). The People had the burden of establishing that consecutive sentences were legal, i.e., that the crimes were committed through separate acts or omissions (see People v Rodriguez, 25 NY3d 238, 244 [2015]; see generally Penal Law § 70.25 [2]), and they failed to meet that burden. With respect to the count charging criminal possession of a weapon in the second degree under Penal Law § 265.03 (1) (b), "the People neither alleged nor proved that defendant's possession [of the gun] was marked by an unlawful intent separate and distinct from his intent to shoot the victim[]" (People v Wright, 19 NY3d 359, 367 [2012]). With respect to the count charging criminal possession of a weapon in the second degree under Penal Law § 265.03 (3), there was no evidence presented at trial that defendant's act of possessing a loaded firearm "was separate and distinct from" his act of shooting the victim (People v Harris, 115 AD3d 761, 763 [2d Dept 2014], lv denied 23 NY3d 1062 [2014], reconsideration denied 24 NY3d 1084 [2014]; see People v Houston, 142 AD3d 1397, 1399 [4th Dept 2016], lv denied 28 NY3d 1146 [2017]; see generally People v Brown, 21 NY3d 739, 750-752 [2013]). We therefore modify the judgment by directing that all of the sentences shall run concurrently. The sentence, as modified, is not unduly harsh or severe.
Defendant contends in his pro se supplemental brief that he was denied his right to present a defense when the court refused to allow him to call a witness who had indicated, outside the presence of the jury, that he would invoke his privilege against self-incrimination. We reject that contention. "[T]he decision whether to permit defense counsel to call a particular witness solely to put him to his claim of privilege against self[-]incrimination in the presence of the jury' rests within the sound discretion of the trial court" (People v Thomas, 51 NY2d 466, 472 [1980]; see People v Grimes, 289 AD2d 1072, 1073 [4th Dept 2001], lv denied 97 NY2d 755 [2002]), and we perceive no abuse of discretion here.
Contrary to defendant's further contention in his pro se supplemental brief, the court did not abuse its discretion in denying defendant's request for a day's adjournment to prepare for summations. "The decision whether to grant an adjournment lies in the sound discretion of the trial court . . . and the court's exercise of that discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice' " (People v Adair, 84 AD3d 1752, 1754 [4th Dept 2011], lv denied 17 NY3d 812 [2011]; see Resto, 147 AD3d at 1332). Defendant has made no showing that he was prejudiced by the court's ruling.
Defendant failed to preserve for our review his contention in his pro se supplemental brief that the prospective jurors were not given the requisite oath pursuant to CPL 270.15 (1) (a) (see People v Gaston, 104 AD3d 1206, 1207 [4th Dept 2013], lv denied 22 NY3d 1156 [2014]; People v Schrock, 73 AD3d 1429, 1432 [4th Dept 2010], lv denied 15 NY3d 855 [2010]). In any event, that contention is not supported by the record.
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court