■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN GOMEZ, Appellant. [761 NYS2d 156] —Judgment, Supreme Court, New York County (John Stackhouse, J.), rendered April 3, 2001, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 20

years and 15 years, respectively, and order, same court and Justice, entered on or about July 26, 2002, which denied defendant's motion made pursuant to CPL 440.10 to vacate the judgment of conviction, unanimously affirmed.

Defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defense counsel was not required to argue factual innocence at the expense of a stronger defense, in this case, intoxication (*People v Baldi*, 54 NY2d 137, 147-148 [1981]). In any event, although counsel did not emphasize the factual innocence defense presented by defendant through his testimony, he did present that defense as an alternative to the intoxication defense during summation. Given the totality of the information available to him, counsel properly decided to have defendant testify in narrative form under the procedure approved in *People v DePallo* (96 NY2d 437 [2001]; *see also Nix v Whiteside*, 475 US 157 [1986]). Finally, the fact that counsel did not object to a summation remark by the prosecutor concerning defendant's inconsistent defenses did not constitute ineffective assistance (*see People v Benevento*, 91 NY2d 708, *supra*; *see People v Hobot*, 84 NY2d 1021, 1024 [1995]). Concur—Andrias, J.P., Williams, Lerner, Friedman and Marlow, JJ.