■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIA TAUSSI-CASUCCI, Appellant. [868 NYS2d 53]—

Defendant makes a two-pronged claim that she was deprived of her right to counsel. First, she claims that, as a matter of law, she was without the services of a licensed attorney at trial because her lead counsel, Carlos Perez-Olivo, never reported his disbarment in another jurisdiction, thereby avoiding reciprocal disbarment. Second, she claims that, as a matter of fact, this attorney rendered ineffective assistance, as did a second attorney who represented her at sentencing.

Shortly after defendant's trial, this Court disbarred Perez-Olivo for reasons not related to this case (*Matter of Perez-Olivo*, 33 AD3d 141 [2006]). The effective date of this Court's order fell between defendant's trial and sentencing; at the time of the trial, Perez-Olivo was not under suspension in New York and was licensed to practice law. However, in 2001, he was disbarred in Puerto Rico (*In re Perez-Olivo*, 155 PR Dec 887 [2001]), but he never complied with the notification requirement of 22 NYCRR 603.3 (d). As a result, no reciprocal disciplinary proceeding was ever instituted; the ultimate New York disbarment was on other grounds.

"Counsel, as the word is used in the Sixth Amendment can mean nothing less than a licensed attorney at law." (*People v Felder*, 47 NY2d 287, 293 [1979].) Defendant essentially argues that at the time of her trial, Perez-Olivo had already been "constructively" disbarred, because had he reported his Puerto Rican disbarment, his reciprocal disbarment in New York would allegedly have been inevitable.

As we observed in a case where we declined to find, retrospec-

tively, a constructive absence of counsel based on an attorney's posttrial suspension for mental disability, "we do not see a sufficiently compelling or persuasive reason to create a new per se rule to cover the instant situation." (*People v Lopez*, 298 AD2d 114, 116 [2002], *lv denied* 99 NY2d 616 [2003].) Reciprocal discipline by this Court is never automatic; it occurs only after satisfaction of the procedural requirements set forth in 22 NYCRR 603.3, and upon an order of this Court setting forth the effective date of the disciplinary action. The attorney is entitled to litigate issues set forth in 22 NYCRR 603.3 (c). We see no reason to grant defendant a new trial based solely on assumptions, however plausible, as to what would have occurred under circumstances that never did occur.

Turning to defendant's claim that Perez-Olivo rendered ineffective assistance in fact, we find that claim unreviewable on direct appeal because it involves matters outside the record concerning Perez-Olivo's trial strategy and preparation (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). In particular, Perez-Olivo could have reasonably concluded that a motion pursuant to CPL 60.45 (2) (a) to suppress defendant's confession to civilians would have been futile and unhelpful to her defense. In any event, the alleged errors and omissions did not deprive defendant of a fair trial or cause her any prejudice (*see People v Caban*, 5 NY3d 143, 155-156 [2005]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]; *compare People v Turner*, 5 NY3d 476 [2005]). The evidence of defendant's guilt was overwhelming, and "[c]ounsel may not be expected to create a defense when it does not exist" (*People v DeFreitas*, 213 AD2d 96, 101 [1995], *lv denied* 86 NY2d 872 [1995]).

At sentencing, defendant was represented by an attorney other than Perez-Olivo, and the record establishes that this attorney rendered effective assistance. We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Saxe, Catterson, Renwick and Freedman, JJ.