The People of the State of New York, Respondent, v
Ai Jiang, Appellant. [880 NYS2d 12]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J., on consolidation motion; William A. Wetzel, J., at jury trial and sentence), rendered July 31, 2006, convicting defendant of attempted murder in the second degree, gang assault in the first degree, assault in the first degree (three counts) and assault in the second degree, and sentencing him to an aggregate term of 15 years, unanimously affirmed.

The court properly exercised its discretion by joining defendant's indictments relating to separate incidents, since the charges were legally similar (see CPL 200.20 [2] [c]). Defendant has not demonstrated any substantial likelihood that the jury was unable to consider the proof as to each of the charges separately, or that he had important testimony to give in one case and a genuine need to refrain from testifying in the other (see CPL 200.20 [3]; *People v Lane*, 56 NY2d 1, 8-9 [1982]; *People v Streitferdt*, 169 AD2d 171, 176 [1991], *lv denied* 78 NY2d 1015 [1991]; *People v Ndeye*, 159 AD2d 397 [1990], *lv denied* 76 NY2d 793 [1990]).

All of defendant's challenges to the court's charge and to the prosecutor's opening statement, elicitation of evidence and summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. While the court should have instructed the jury to consider the incidents separately, the court's charge taken as a whole (see *People v Coleman*, 70 NY2d 817, 819 [1987]), as well as the verdict sheet which clearly set out the different incidents, informed the jury of the proper standard to be applied, and any error was harmless. Likewise, a portion of the prosecutor's opening that could be viewed as a propensity argument, and testimony that may have technically violated the principle set forth in *People v Trowbridge* (305 NY 471 [1953]) were, at worst, harmless error (see *People v Crimmins*, 36 NY2d 230 [1975]). Defendant's remaining unpreserved claims are without merit (see *People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

To the extent the record permits review, we find that defen-

dant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant's ineffective assistance of counsel claims fall into two categories. First, with regard to the unpreserved errors discussed previously, defendant argues that his counsel was ineffective for failing to make objections or requests to charge. However, counsel's failure to do so did not deprive defendant of a fair trial or cause him any prejudice (*see People v Caban*, 5 NY3d 143, 155-156 [2005]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]; *compare People v Turner*, 5 NY3d 476 [2005]). None of these arguments, even if successfully made to the trial court, would have affected the outcome of the case.

Defendant's other ineffective assistance claims are unreviewable on direct appeal because they involve matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Although defendant raised these claims in a presentence motion to set aside the verdict pursuant to CPL 330.30 (1), that motion was procedurally defective because such a motion is limited to grounds appearing in the record (*see People v Wolf*, 98 NY2d 105, 119 [2002]). To the extent the motion could be deemed a de facto or premature motion to vacate judgment pursuant to CPL 440.10, the issues raised in the motion are unreviewable since defendant failed to obtain permission from this Court to appeal (*see* CPL 450.15 [1]; 460.15; *People v Villegas*, 298 AD2d 122, 123 [2002], *lv denied* 99 NY2d 565 [2002]). As an alternative holding, we also reject the motion on the merits (*see* CPL 440.30 [4] [b], [d]; *People v Satterfield*, 66 NY2d 796, 799-800 [1985]). Defendant did not establish a basis for an evidentiary hearing. Defendant's factual allegations are supported by his motion counsel's affirmation rather than by witnesses with personal knowledge, or are supported only by defendant's affidavit. Furthermore, these claims are contradicted by defendant's trial counsel's detailed affirmation, the record of the trial and pretrial proceedings, and the court's own recollection.

Motion seeking leave to enlarge record denied. Concur—Mazzarelli, J.P., Saxe, Nardelli, Renwick and Freedman, JJ.