THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BRADFORD, Appellant. [926 NYS2d 88]—

Judgment, Supreme Court, Bronx County (Ruth E. Smith, J.), rendered July 16, 2010, convicting defendant, after a nonjury trial, of auto stripping in the first degree, three counts of criminal mischief in the second degree, eight counts of criminal mischief in the third degree, and eleven counts of auto stripping in the third degree, and sentencing him, as a second felony of-

fender, to an aggregate term of 2 to 4 years, unanimously affirmed. The matter is remitted to Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (5).

Since defendant improperly challenged his jury trial waiver for the first time in a postverdict motion (*see People v Padro*, 75 NY2d 820 [1990]), he failed to preserve that challenge (*see People v Johnson*, 51 NY2d 986, 987 [1980]), and we decline to review it in the interest of justice. As an alternative holding, we find that defendant's claim is unreviewable on direct appeal to the extent it implicates counsel's advice (*see id.* at 988), and without merit in any event. The trial court was not required to ask defendant why he was waiving a jury trial, as "no particular catechism is required to establish the validity of a jury trial waiver" (*People v Smith*, 6 NY3d 827, 828 [2006], *cert denied* 548 US 905 [2006]).

Defendant's ineffective assistance of counsel claims, including his claim that counsel provided inappropriate advice to waive a jury, are unreviewable on direct appeal because they involve matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Defendant's attempt to make factual assertions outside the record by way of a CPL 330.30 (1) motion to set aside the verdict was procedurally defective (*see People v Ai Jiang*, 62 AD3d 515, 516 [2009], *lv denied* 14 NY3d 769 [2010]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We have considered and rejected defendant's challenges to the legal sufficiency of the evidence, and his claims relating to his sentence. Concur—Mazzarelli, J.P., Sweeny, Freedman, Manzanet-Daniels and Román, JJ.