OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, on the law, defendant’s motion to set aside the verdict is denied, the verdict is reinstated and the matter is remitted to the Criminal Court for all further proceedings.
After a bench trial, defendant was found guilty of 10 counts of sexual abuse in the second degree (Penal Law § 130.60), 10 counts of sexual abuse in the third degree (Penal Law § 130.55) and endangering the welfare of a child (Penal Law § 260.10). Prior to sentencing, defendant moved to set aside the verdict on the ground that he was denied the right to a public trial. The motion was supported by the affirmations of two attorneys, who alleged that they had attempted to enter the courtroom during the proceedings but that they had observed a “Do Not Enter” sign posted on the courtroom door, and, thus, they had not entered the courtroom. One of the attorneys further alleged that he was also stopped by a court officer and told not to enter the courtroom. The Criminal Court granted the motion on the ground that defendant had been denied the right to a public trial.
Pursuant to CPL 330.30 (1), a motion to set aside or modify a verdict or any part thereof may be made upon “[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court.” Defendant’s CPL 330.30 (1) motion should have been denied by the Criminal Court because the motion was procedurally defective as it was based on a ground which did not appear in the record (see People v Miller, 68 AD3d 1135 [2009]). We note that the Criminal Court did not treat the motion as a “de facto CPL 440.10 motion” (People v Wolf, 98 NY2d 105, 119 *56 [2002]). Defendant should have waited until after sentencing before making an appropriate CPL 440.10 motion, in which matters may be raised which do not appear in the record (see People v Rohlehr, 87 AD3d 603 [2011]; People v Ai Jiang, 62 AD3d 515 [2009]). Even if the motion had been treated as a “de facto CPL 440.10 motion” it is not properly before this court, since defendant did not seek leave to appeal from the denial of the motion (see CPL 450.15, 460.15; People v Ai Jiang, 62 AD3d 515 [2009]; People v Phillmore, 9 Misc 3d 126[A], 2005 NY Slip Op 51426[U] [App Term, 2d & 11th Jud Dists 2005]). In view of the foregoing, we do not reach the merits of defendant’s motion.
Accordingly, the order is reversed, defendant’s motion to set aside the verdict is denied, the verdict is reinstated and the matter is remitted to the Criminal Court for all further proceedings.