■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARIVIA HIGHTOWER, Appellant. [960 NYS2d 426]—

Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered August 10, 2010, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing her, as a second violent felony offender, to a term of 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Although the victim did not identify defendant, and although both of his assailants appeared to him to be male, he noticed that one of the assailants had a tattoo of the capital letters LALA on the right side of the neck. The jury viewed the right side of defendant's neck, which had a tattoo of the same capital letters, along with some small decorations that the victim had not noticed. In addition, when defendant was arrested she was wearing the victim's distinctive crucifix, which had been taken in the robbery three days earlier, a fact that would support an inference of guilt under the principle of recent, exclusive and unexplained possession of the fruits of a crime (see People v Galbo, 218 NY 283, 290 [1916]). The combination of the distinctive tattoo and the stolen property clearly established beyond a reasonable doubt defendant's identity as one of the robbers.

Defendant did not preserve her claim that she was entitled to CPL 710.30 (1) (b) notice and a Wade hearing regarding a confrontation at which the victim viewed defendant in custody, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The victim did not make an identification of defendant, either at the pretrial confrontation or in court. The victim's testimony about the tattoo was not identification testimony, but evidence that defendant and one of the robbers shared a distinctive physical characteristic (see People v Smalls, 201 AD2d 333, 334 [1st Dept 1994], lv denied 84 NY2d 832 [1994]; see also People v Myrick, 66 NY2d 903 [1985]; People v Sanders, 108 AD2d 316, 318-319 [2d Dept 1985], affd 66 NY2d 906 [1985]).

Defendant's ineffective assistance of counsel claims are

unreviewable on direct appeal because they involve matters outside the record concerning counsel's strategic decisions (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Although defendant cites to the record of her CPL 330.30 (1) motion to set aside the verdict, such a motion is not a procedurally appropriate device for expanding the trial record (*see People v Ai Jiang*, 62 AD3d 515, 516 [2009], *lv denied* 14 NY3d 769 [2010]). In any event, nothing in the record of the postverdict motion establishes ineffective assistance. On the trial record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that her counsel's alleged deficiencies fell below an objective standard of reasonableness, or that they deprived defendant of a fair trial, affected the outcome of the case, or caused defendant any prejudice. Concur—Andrias, J.P., Sweeny, Freedman, Feinman and Gische, JJ.