Pigott, J.
(dissenting). After a bench trial, defendant Hawkins was found guilty of 10 counts each of sexual abuse in the second degree and sexual abuse in the third degree and one count of endangering the welfare of a child. Prior to being sentenced, defendant moved to set aside his verdict on the ground that he was denied the right to a public trial. His motion was supported by affirmations of two attorneys, who averred that they had attempted to enter the courtroom during the proceedings but observed a “Do not enter” sign posted on the courtroom door, and thus could not enter. One of the attorneys further alleged that he had been stopped by a court offi *1077 cer and told not to enter the courtroom. The People opposed the motion by way of an attorney affirmation, arguing that the courtroom was always open, and, alternatively, sought a hearing on the matter.
Criminal Court granted the motion, finding that it was “clear that [the Do not enter] sign was posted.” It noted that “[s]igns of this nature are routinely posted by court staff, and there is nothing to suggest otherwise. While the sign was not viewed by [the] court prior to being posted, and the language excluding observers was not dictated, authorized, or approved by this court, it ultimately falls upon the court to accept responsibility.” The court held that it was constrained to grant the motion to set aside the verdict and ordered a new trial for defendant.
The Appellate Term, with one Justice dissenting, reversed, on the law, and reinstated the verdict (36 Misc 3d 54 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). The court held that defendant’s CPL 330.30 (1) motion should have been denied by Criminal Court because it “was procedurally defective as it was based on a ground which did not appear in the record” (id. at 55). The Appellate Term noted that Criminal Court “did not treat the motion as a ‘de facto CPL 440.10 motion’ ” (id.). The court stated that defendant “should have waited until after sentencing before making an appropriate CPL 440.10 motion, in which matters may be raised which do not appear in the record” (id. at 56). The court continued: “Even if the motion had been treated as a ‘de facto CPL 440.10 motion’ it is not properly before this court, since defendant did not seek leave to appeal from the denial of the motion” (id.). Thus, the court did not reach the merits of defendant’s motion (id.).
Justice Weston dissented. She agreed with the majority that, since defendant’s motion was based on matters outside the record, it was not proper for the court to set aside the verdict pursuant to CPL 330.30 (1) (id.). Nevertheless, in the interest of judicial economy, she would have treated the motion as one to vacate the conviction pursuant to CPL 440.10 and granted leave to appeal from the order denying the motion (id.). I agree with Justice Weston.
Under CPL 330.30 (1), a defendant may move to set aside the verdict on any ground that appears “in the record” that would require a reversal or modification on appeal as a matter of law. Under the statute, the motion may be made “[a]t any time after rendition of a verdict of guilty [but] before sentence” (CPL 330.30). I agree with the majority that because defendant’s claim concerns a nonrecord matter, CPL 330.30 (1) review is not authorized (see majority mem at 1068).
*1078 Nonrecord matters are brought by way of a CPL 440.10 motion, which under that statute is permissible after sentencing. There is no clear statutory remedy that provides for an attack on a judgment of conviction based on nonrecord matters after verdict but prior to sentencing. Several courts have remedied this “gap” by considering a defendant’s CPL 330.30 (1) motion as one made under CPL 440.10 (a “de facto CPL 440.10 motion”) “where fairness and judicial economy are not sacrificed” (People v Toland, 2 AD3d 1053, 1055-1056 [3d Dept 2003]; see People v Thompson, 177 Misc 2d 803, 809 [Sup Ct, Kings County 1998]; see also People v Wolf, 98 NY2d 105, 119 [2002] [agreeing with the Appellate Division that defendant’s application was “at best, a de facto CPL 440.10 motion”]).
In my view, the trial court did just that in this case, although it did not expressly say so. Defendant brought to the court’s attention a significant issue: defendant’s right to a public trial had been violated. While a motion pursuant to CPL 440.10 would appear to be premature, the court stated that it had sufficient knowledge to decide the matter immediately. To conclude that the court could not consider the issue at that juncture, thus requiring defendant to wait to be sentenced and then raise the same issue in a post-sentence 440.10 motion, defies the concept of judicial fairness and economy.*
The Appellate Term was also incorrect in suggesting that defendant’s appeal was not properly before it from a CPL 440.10 motion because defendant did not seek leave to appeal. Defendant prevailed at the trial level and, therefore, it would have been the People who would have appealed.
For these reasons, I dissent.
Judges Read, Smith, Pigott and Rivera concur; Judge Smith in a separate concurring opinion in which Judges Read and Pigott concur; Judge Abdus-Salaam dissents in part in an opinion in which Chief Judge Lippman concurs.
In People v Giles: Order affirmed, in a memorandum.
Chief Judge Lippman and Judges Read, Smith, Rivera and Abdus-Salaam concur; Judge Smith concurring in a separate opinion; Judge Pigott dissents in an opinion.
In People v Hawkins: Order affirmed, in a memorandum.

 Indeed, based on the majority’s decision today, defendant may now bring a 440.10 motion, some four years after verdict, and with an earlier decision from the trial court holding in his favor.