People v Maynard (2019 NY Slip Op 07484)





People v Maynard


2019 NY Slip Op 07484


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Friedman, J.P., Renwick, Kapnick, Gesmer, Kern, JJ.


10096 5147/14

[*1] The People of the State of New York, Respondent,
v
Terrence Maynard, Defendant-Appellant.


Office of the Appellate Defender, New York (Christina A. Swarns of counsel), and Jones Day, New York (Lily E. Hann of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered February 16, 2016, convicting defendant, after a jury trial, of burglary in the second degree and robbery in the third degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 18 years to life and 3½ to 7 years, respectively, unanimously affirmed.
The record fails to support defendant's claim that his trial counsel conceded his guilt. Accordingly, defendant has not established a right to counsel violation under McCoy v Louisiana (584 US__, 138 S Ct 1500 [2018]).
In McCoy, the Supreme Court held that "[w]hen a client expressly asserts that the objective of [the client's defense] is to maintain innocence of the charged criminal acts, [the] lawyer must abide by that objective and may not override it by conceding guilt" (id. at 1509). Defendant argues that his trial counsel ran afoul of McCoy, and thus that his Sixth Amendment right to counsel was violated, because counsel "effectively conced[ed]," against defendant's express wishes to the contrary, that defendant robbed the victim. He further argues that his trial counsel focused the defense on the effort to persuade the jury that the (third-degree) robbery occurred entirely in an unlocked apartment building vestibule, and therefore not in a dwelling, compelling the conclusion that defendant was not guilty of second-degree burglary, the most serious count in the indictment.
However, while the defense focused its efforts on persuading the jury to accept the nonfrivolous proposition that there was reasonable doubt as to whether the robbery occurred in a dwelling, counsel does not concede defendant's identity as the perpetrator. Among other things, counsel argued in his opening statement that one of the two things the case was "about" was "whether the state will be able to prove the identity of the person who in fact robbed [the victim]," and counsel elicited from the victim an admission that she did not know if defendant was the man who robbed her. Even though counsel did not probe deeply into the question of the robber's identity and asked only perfunctory questions in this regard, McCoy did not hold that the right to counsel is violated when a defense lawyer advocates for the defendant's claim of complete innocence with what the defendant might consider insufficient zeal. Rather, it prohibits an attorney from overriding a defendant's "protected autonomy right" (id. at 1511) to assert innocence of the criminal acts charged by conceding the defendant's guilt. Counsel in this case did not do that. Rather — in light of testimony by the defendant that was decisively contradicted by the evidence and therefore transparently false — counsel made the permissible alternative argument (see People v Steele, 26 NY2d 526, 529 [1970]) that, if the jury determined that defendant was the perpetrator, it should still acquit him of the top count of burglary in the second degree. Neither counsel's concentration on this aspect of the defense nor counsel's characterization of the defense's trial strategy in a remark made at sentencing — relied on by defendant on appeal — establishes a violation of the rule of McCoy.
Defendant's numerous other claims of constructive denial, or ineffective assistance, of [*2]counsel are also unavailing. In the first instance, all of these arguments are unreviewable on direct appeal because they involve questions regarding counsel's strategy, intentions, and interactions with defendant that could only have been fully assessed on a record developed in the context of a CPL 440 motion (see People v McClean, 15 NY3d 117, 121 [2010]; People v Rivera, 71 NY2d 705, 709 [1988]). In particular, the record suggests that when defendant testified, against the advice of counsel, in narrative form, without direct examination, counsel may have been following the procedure approved in People v DePallo (96 NY2d 437 [2001]; see also Nix v Whiteside, 475 US 157 [1986]). Furthermore, defendant's CPL 330.30(1) motion to set aside the verdict did not render any of these claims reviewable on direct appeal, because such a motion is limited to grounds appearing in the record (see People v Wolf, 98 NY2d 105 [2002]; see also People v Giles, 24 NY3d 1066, 1068 [2014]; People v Ai Jiang, 62 AD3d 515, 516 [1st Dept 2009], lv denied 14 NY3d 769 [2010]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of these claims may not be addressed on appeal.
In the alternative, to the extent that defendant's claims may be reviewed on the existing record, each fails on the merits. Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). The presentation of alternative defenses, and the emphasis of one defense over another, may be a plausible strategy (see e.g. People v Gomez, 305 AD2d 238 [1st Dept 2003], lv denied 100 NY2d 581 [2003]; People v Brito, 304 AD2d 320, 321 [2003], lv denied 100 NY2d 592 [2003]). It should be noted that had counsel obtained his principal objective of a conviction of only third-degree robbery, a class D felony, defendant would have avoided a mandatory life sentence as a persistent violent felony offender.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK