People v Burgos (2021 NY Slip Op 00032)





People v Burgos


2021 NY Slip Op 00032


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Acosta, P.J., Gische, Oing, González, Kennedy, JJ. 


Ind No. 3277/13 3277/13 Appeal No. 12571 Case No. 2016-01584 

[*1]The People of the State of New York, Respondent,
v
Angelo Burgos, Defendant-Appellant.


Clayman & Rosenberg LLP, New York (Wayne E. Gosnell, Jr. of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered February 5, 2016, as amended April 8, 2016 and April 4, 2017, convicting defendant, after a nonjury trial, of four counts of assault in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 20 years; and order, same court and Justice, entered on or about March 21, 2017, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. Defendant's postverdict motions did not preserve this issue, or any of the other unpreserved issues raised on this appeal (see e.g. People v Padro, 75 NY2d 820 [1990]; People v Bradford, 85 AD3d 664, 665 [1st Dept 2011], lv denied 17 NY3d 857 [2011]). As an alternative holding, we find that the verdict was based on legally sufficient evidence, and we also find that it was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]).
Evidence of the victims' injuries clearly show lacerations to the face caused by a sharp instrument requiring multiple stitches and staples. Surveillance videotape of the incident captured defendant reaching into his pocket before making slashing motions at his victims. At one point in the video, defendant appears to drop an object on the ground, which he searches for momentarily, then picks up before continuing his attack. The court, as trier of fact, was entitled to infer that defendant used a sharp object after viewing the surveillance video in light of the victims' injuries. Defendant's intent to cause serious physical injury could also be readily inferred from his actions. To the extent that a codefendant may have slashed the victims, defendant's guilt was also established on an accomplice liability theory (see Penal Law § 20.00; Matter of Tatiana N., 73 AD3d 186, 191 [1st Dept 2010]). Finally, medical records and photographs established that the victims sustained serious physical injury and permanent disfigurement as a result of the slashings (see People v Jimenez, 155 AD3d 591 [1st Dept 2017], lv denied 30 NY3d 1116 [2018]).
Defendant's claims relating to deprivation and/or ineffective assistance of counsel are unavailing, and the court correctly denied defendant's CPL 440.10 motion to the extent it made those claims. At the time of defendant's trial, his retained counsel was serving an 18-month suspension from practice before the United States Court of Appeals for the Second Circuit, imposed for counsel's neglect in pursuing appeals to that court. Trial counsel's later suspension by this Court, as reciprocal discipline, was not in effect at the time of defendant's trial, notwithstanding that the suspension was nunc pro tunc to a date preceding that trial. Accordingly, we find no basis for concluding that counsel was constructively suspended from practice in this State at the time of defendant's trial ([*2]see People v Taussi-Casucci, 57 AD3d 209 [1st Dept 2008], lv denied 12 NY3d 788 [2009]). Regardless of whether counsel should have informed defendant of the Second Circuit suspension, defendant has not shown that counsel's failure to do so requires a new trial. As for the claim that counsel's actual performance was constitutionally defective in various respects, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
Defendant did not preserve his claim that his jury trial waiver was invalid, his challenge to remarks made by the prosecutor at a resentencing proceeding, or his complaint about the timing of certain pretrial disclosures made by the People, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for a new trial or further sentencing proceedings.
Defendant has failed to produce the record needed to review his claim that the 43-day delay from the close of trial to the court's verdict requires reversal. Initially, the case was adjourned for eight days for the court to render its verdict, and defendant has not provided the minutes for that date that would be expected to explain why the court did not deliver the verdict as scheduled. To the extent the existing record permits
review, we find that the court rendered the verdict within a "reasonable time," given the circumstances of the case (see People v South, 41 NY2d 451, 454 [1977]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021