People v Rosario (2026 NY Slip Op 01319)

People v Rosario

2026 NY Slip Op 01319

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Webber, J.P., Scarpulla, González, Rodriguez, Higgitt, JJ. 

Ind. No. 2515/14|Appeal No. 6063|Case No. 2018-4928|

[*1]The People of the State of New York, Respondent,
vJuan Rosario, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Alexandra Ricks of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Brian Witthuhn of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered June 22, 2018, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree, attempted assault in the first degree, strangulation in the second degree, two counts of assault in the third degree, and criminal possession of a weapon in the fourth degree, and sentencing him to an aggregate term of 20 years, unanimously affirmed.
The jury's rejection of defendant's extreme emotional disturbance defense with respect to the 2014 incident was not against the weight of the evidence (see generally Penal Law § 125.25[1][a]; People v Harris, 95 NY2d 316, 319 [2000]; see also People v Baque, 43 NY3d 26, 29-30 [2024]; People v Danielson, 9 NY3d 342, 348 [2007]). Although defendant established the subjective element of loss of self-control, the jury could reasonably have found that defendant did not establish the objective element of a reasonable explanation or excuse.
Defendant argues that his extreme emotional state was a reasonable response to psychotic symptoms he was experiencing at the time of the 2014 incident. However, the only evidence that defendant was experiencing psychotic symptoms at the time of the 2014 incident was the fact that he called his family members by different names, although at other times during the incident appeared to understand who they were, as well as the bizarreness of defendant's behavior. Given the lack of an explanation, the nature of any delusions defendant was experiencing, and whether they presented a reasonable explanation for his extreme emotional disturbance and violent conduct are unclear. Thus, the jury could have reasonably rejected the defense.
The parties presented conflicting expert testimony regarding whether defendant had a primary, underlying psychotic disorder or whether he may instead have sometimes experienced psychotic symptoms while under the influence of substances. The jury could reasonably have concluded that these symptoms were overstated or fabricated especially given that defendant previously denied any history of auditory or visual hallucinations; mental health professionals who evaluated defendant, other than defendant's own expert, failed to diagnose him with a psychotic disorder, and testing indicated that his presentation was consistent with malingering; and defendant had at one point been prescribed antipsychotic medication which he had since discontinued without any recurrence of these symptoms.
The trial court did not improvidently exercise its discretion in declining a discretionary severance of these offenses joined pursuant to CPL 200.20(2)(c) (see generally CPL 200.20[3]; People v Davis, 225 AD3d 62, 73-74 [1st Dept 2024]). The fact that the 2013 and 2014 offenses stemmed from geographically and temporally separate incidents with largely separate evidence and witnesses is not dispositive. Defendant's propensity argument and related objections to the People's statements during their opening and summation and his objection to the jury instructions are unpreserved. Defendant's challenge to the court's general instructions that the jury should consider "all the evidence" is at any rate unavailing, as the court elsewhere clarified that "[y]ou are to consider each crime and each incident separately in determining whether the People have satisfied their burden of proving every element of the crimes charged beyond a reasonable doubt" (see People v Ai Jiang, 62 AD3d 515, 515 [1st Dept 2009], lv denied 14 NY3d 769 [2010]). Defendant's inability to present a psychological defense with respect to the 2013 incident also did not create good cause to sever the trials of the offenses related to the 2013 and 2014 incidents, as even if severed, evidence of the 2013 incident could still have been offered to rebut defendant's extreme emotional disturbance defense (see People v Cass, 18 NY3d 553, 560-564 [2012]; Davis, 225 AD3d at 69-70).
We perceive no basis to reduce defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026